## Innes *vs.* Lansing and others.

Where a limited copartnership becomes insolvent, the property and effects of the firm are a special trust fund for the payment of all the copartnership debts, rateably, except debts due to the special partner. And any creditor of such insolvent firm, although· he has not proceeded to judgment and execution at law for the recovery of his debt, may file a bill in chancery, in behalf of himself and of all other creditors of the limited copartnership, to restrain the insolvent partners from disposing of the property and effects of the firm contrary to law ; and for a receiver; and to have the copartnership funds distributed among all the creditors rateably according to the statute.

Where a creditor files a bill in behalf of himself and all others, who shall come in and prove their debts under the decree and contribute to the expenses of the suit, he may discontinue his suit at any time before there has been a decree therein for the benefit of himself and the other creditors. And the defendant, at any time before such decree, has the right to have the

584

*bill dismissed,* upon paying what is due to the complainant, with interest and costs.

The filing of a bill by one creditor, in behalf of himself and others, will not prevent another creditor from filing a similar bill, *previous to a decree in the first suit.* But as soon as a decree is obtained in either suit, for the benefit of all the creditors, the proceedings in all other suits may be stayed; if no other relief can be obtained in such other suits than could be had under the decree already made.

May 27.

THIS was an application on the part of the Lansings, two of the defendants, to stay all further proceedings in this suit, and for a dissolution of the injunction which had been issued therein. The defendants, in March, 1838, entered into a limited copartnership, as wine merchants in the city of New-York, under the firm of Lansing & Co., in which firm the two Lansings were the general partners and the defendant Dakin was the special partner. Previous to the filing of this bill the firm, as well as the acting or general partners, became insolvent. The complainant thereupon commenced this suit, in behalf of himself and of all the other unsatisfied creditors of the firm, for the purpose of obtaining the appointment of a receiver of the property and effects of the copartnership, and for a distribution of the proceeds thereof among the complainant and other creditors, rateably; and for an injunction to restrain the defendants from receiving or disposing of the effects of the firm. From the affidavits and other papers read upon this application it appeared that some other creditors had filed a similar bill, previous to the commencement of this suit; and that, upon a subsequent application, a receiver had been appointed in that suit, to take charge of the property and effects of the firm.

*J. Rhoades,* for the complainant.

*S. A. Foot,* for the defendants.

THE CHANCELLOR. The defendants are premature in their application to stay the proceedings in this suit, as there has as yet been no decree in the other cause, for the benefit of all the creditors of the firm, under which this complainant could come in and prove his debt. And until such decree

1839.

Innes
v.
Lansing.

has been obtained he is not authorized to interfere with that suit. In cases of this kind it is competent for the complainant to settle with the defendants, and to withdraw his suit, without the consent of the other creditors, at any time before decree. And the defendants themselves may claim the right to have the bill dismissed, upon paying what is due to the particular creditor by whom the suit is brought, together with his costs of suit as between party and party. (*Pemberton* v. *Topham*, 2 *Lond. Jurist*, 1009.) The proceedings in the suit of another creditor cannot therefore be stayed, unless a decree has been obtained to which he may make himself an actual party by coming in under the same. But as soon as such a decree has been obtained, whether in the first suit instituted or in the last, it is a matter of course to order the proceedings in all the other suits to be stayed; if no other relief can be obtained in such suits than could be had under the decree already made. (*Pott* v. *Gallini*, 1 *Sim. & Stu. Rep.* 206. *Moore* v. *Prior*, 2 *Young & Coll. Rep.* 375. *Shepherd* v. *Towgood, Turn. & Russ. Rep.* 379.)

The question then arises whether either suit is properly instituted, by a creditor at large of the insolvent copartnership. For if this court has no jurisdiction of the case the injunction must be dissolved, although the application to stay the proceedings is refused. The title of the revised statutes relative to limited partnerships, (1 *R. S.* 764,) appears to have constituted the effects of the firm a special fund for the benefit of all the creditors; which fund, in case of insolvency, is to be distributed among such creditors rateably, in proportion to the amount of their respective debts. By the fifteenth section, the special partner is prohibited from withdrawing any part of the capital of the firm, or any of its effects except actual profits made upon the original capital. And by the 20th and 21st sections, every sale, assignment, or transfer, of any of the property or effects of the firm, or of the property or effects of a general or special partner, after the firm or himself has become insolvent, or in contemplation of such insolvency, with the intention of giving a preference, either to a creditor of the firm or to a creditor of the general or special partner, is declared to be

void as against the creditors of the partnership. The general and special partners are also prohibited from confessing any judgment, creating any lien upon the partnership property or the property of any of the partners, or giving any security, under such circumstances and with such intent. It is evident, from these statutory provisions, that the legislature could not have intended that a creditor of such insolvent limited partnership should be compelled to proceed to judgment and execution at law, the necessary effect of which might be to give him a preference over other creditors, before he could be permitted to file a bill in this court, to prevent the partnership funds from being wasted by the insolvent partners, and to obtain payment of a rateable portion of his debt out of the fund. Although any creditor, therefore, may proceed at law for the recovery of his debt, unless a decree has been obtained in this court for the benefit of all the creditors equally, or the property has been transferred to a trustee or receiver for the purpose of having such a rateable distribution thereof, I think this court is bound to carry into effect the principle of the statute ; by treating the property of the limited partnership, after insolvency, as a trust fund for the benefit of all the creditors. And if the insolvent partners neglect to place the partnership effects in the hands of a proper and responsible trustee, to be distributed without delay among all the creditors of the firm, other than the special partner, rateably, in proportion to the amount of their several debts, either due or to become due, any creditor may file a bill in this court in behalf of himself and the other creditors of the firm ; and may have a receiver appointed to protect the trust fund, and to distribute it among the several creditors who may come in and prove their debts, under the decree to be obtained on such bill.

I regret that I am obliged to extend the jurisdiction of this court to this new class of cases. But whenever the legislature creates new rights in parties, for the protection and enforcement of which rights the common law affords no effectual remedy, and the statute itself does not prescribe the mode in which such rights are to be protected, this court, in

the exercise of its acknowledged jurisdiction, is bound to give to a party the relief to which he is equitably entitled under the statute. For these reasons I think this bill was properly filed. The application to dissolve the injunction, as well as that to stay the proceedings, must therefore be denied with costs. And either party may apply to have the same person, who has been appointed receiver in the other suit, appointed also in this; or an order may be entered extending the receivership to this cause also upon filing the written consent of the defendants to that effect.