## HENRY ROBINSON and WILLIAM J. DAVIDSON *v.* JOHN McINTOSH.

When the special partner, under a limited partnership, does not pay in the amount of his capital specified in the certificate, and the firm, having become insolvent, assign the property thereof for the benefit of creditors; he may, upon a complaint in equity, filed by the trustee, be compelled to pay in the deficiency of his capital, to be used in the payment of the partnership debts.

Although it be conceded, that no action at law will lie between partners, to recover moneys accruing to either in the actual conduct of the co-partnership business; yet, *it seems*, that such action at law might be sustained, upon the co-partnership articles, to enforce express stipulations by one to the others.

A court of equity has power, at the suit of one partner, to compel another to contribute a sum stipulated as capital, or to restore it to the common fund, if he have withdrawn it before the debts are paid.

In a suit in equity, prosecuted by the general partner in a limited co-partnership on his own behalf to compel a special partner to pay in a sum mentioned in the usual certificate as the special capital paid in; *quere,* whether, in case the defendant answers and puts in issue the facts alleged in the complaint, the party, being a party to the fraud practised by making the certificate when the money was not in fact paid, would be permitted to deny the truth of such certificate?

The estoppel, if any, which under such circumstances concludes the general partner, is a mere rule of evidence, and the question, whether the certificate and affidavit, being admissions that the capital was paid in, are conclusive upon him, cannot arise upon a demurrer, because the defendant thereby admits that such capital was not in fact paid.

The admissions made by the partners in filing such certificate and affidavit, in no respect conclude creditors; nor are they conclusive upon trustees under the co-partnership assignment for the benefit of creditors, who bring suit, in behalf of their *cestui que trusts,* to compel the delinquent special partner to pay in the capital mentioned in the certificate.

Whether, in case the formation of a limited co-partnership is attempted, the special partner, although he has not so complied with the statute as to entitle himself to the immunities provided for a special partner, may not have subjected himself to all the disabilities thereof ? *Quere.*

A co-partnership assignment to trustees for the benefit of creditors, in all respects equitable and just to all parties, made in a condition of hopeless insolvency by all of those who, by the terms of the actual arrangement between the members, are the active managing partners in the business, will be sustained.

Such an assignment is valid, when made by the general partner only, of a limited partnership.

And where parties take all the usual steps to form a limited co-partnership, except-

Robinson *v.* McIntosh.

ing in some particular the neglect whereof renders the special partner liable as a general partner, he does not thereby become an active, but may be regarded as a dormant partner, in such sense as warrants the general partner to assign the partnership effects to a trustee for the benefit of creditors.

THE complaint in this action was filed by the plaintiffs, as trustees under a general assignment, executed by an insolvent firm for the benefit of creditors; and alleged, in substance, that the defendant, as a special partner, formed, with three other persons, a limited partnership, under the firm name of McIntosh & Henderson, pursuant to the provisions of the Revised Statutes of this state; that all the partners signed and acknowledged the usual certificate, wherein it was stated that the special partner had contributed twenty thousand dollars as capital; that one of the general partners made the usual affidavit, stating therein that the sum mentioned in the certificate had been actually, and in good faith, paid. in in cash; that the defendant never, in fact, contributed any capital whatever; that the partnership became and continued insolvent to the extent of more than twenty thousand dollars; and, being in that condition, the general partners made an assignment to the plaintiffs in trust, to pay the creditors of the firm equally; that the defendant, under the circumstances, became liable to contribute twenty thousand dollars to the common stock, and that such liability formed a part of the assets, choses in action, and demands of the limited partnership, and of the general partners, which passed to the plaintiffs, under the assignment, for the benefit of creditors. The prayer was for judgment against the defendant for twenty thousand dollars, with interest from the date of the affidavit, above referred to.

The defendant demurred to the complaint, specifying the following as the grounds of demurrer:

I. That the said complaint shows that the plaintiffs have no legal capacity to sue the defendant in this, to wit:

1. It appears, thereby, that the plaintiffs claim as assignees of the general partners of a limited co-partnership; whereas, the facts stated therein show no such limited co-partnership to have existed, and no estate became vested in the plaintiffs in

the general co-partnership effects of the firm of McIntosh & Henderson.

2. It appears, thereby, that the defendant never executed any assignment to the plaintiffs, and the co-partners who executed the assignment to the plaintiffs had no power or authority to execute the same or bind the defendant thereby. The assignment is therefore void, and confers no legal right upon the plaintiffs to sue this defendant thereon.

3. It appears, by the complaint, that the limited co-partnership under which the plaintiffs solely claim, never was dissolved, pursuant to the statute, and until such dissolution, neither the plaintiffs nor their assignees have any right of action, at law, against the defendant as one of said firm.

4. It appears, by the complaint, that the said co-partnership was formed under and in pursuance of the provisions of the Revised Statutes of the state of New York, and that the requirements of said statutes have not been complied with. The plaintiffs, therefore, have no legal capacity to sue the defendant, inasmuch as said statutes confer the sole remedy upon the creditor of the firm.

II. The complaint does not state facts sufficient to constitute a cause of action in this, to wit:

1. That no agreement or undertaking is shown, on the part of the defendant, to pay to the assignors of the plaintiffs any sum of money, and they never had any cause of action therefor.

2. That no claim against this defendant was assigned to the plaintiffs by virtue of the said assignment to them.

3. That the acts of the plaintiffs' assignors in making and filing the certificate and affidavit of the payment of the said sum of twenty thousand dollars, in said complaint referred to, cannot now be impeached by the plaintiffs, but they are bound and precluded thereby.

4. That the plaintiffs have no right to any of the co-partnership effects in the hands of the defendant, he not having joined in the assignment, and his refusal to deliver the same to them confers on them no right of action against him.

5. That the said complaint does not show any fraudulent appropriation, conversion, or application, by the defendant, of the co-partnership effects, to his own use.

6. That the co-partnership, under which the plaintiffs claim, being formed pursuant to the said Revised Statutes, the effect of a non-compliance therewith has converted the limited into a general co-partnership, and renders the special partner liable as a general partner for all the engagements of the firm, and, therefore, the plaintiffs cannot recover against the defendant as a special partner.

7. That the partnership having become general, the assignors of the plaintiffs had no power or authority to execute any assignment of the co-partnership effects, without the concurrence and joint action of the defendant. Such assignment is therefore void, as respects the rights of the general creditors of the firm, and of this defendant as a member thereof.

Upon the issue of law thus formed, the defendant had judgment at special term, from which the plaintiffs appealed.

*Augustus F. Smith*, for the plaintiffs, made and argued the following points :

I. Before the assignment, the general partners could have sustained an action against John McIntosh to enforce the payment of his special capital. (Story on Partnership, § 203; Collyer on Partnership, p. 195 (Perkins' ed.); 1 Story's Eq. Jurisp. § 665; *Venning* v. *Leckie*, 13 East, 7.)

II. After the assignment, the assignees were the proper plaintiffs. (*Ackhurst* v. *Jackson*, 1 Swanston, 89.)

III. The assignment was well made by the general partners alone, without joining the limited partner. 1. The statute gives to the general partners the control of all the partnership affairs and business, and any interference by the special partner therewith is visited with a penalty. He is made liable as a general partner. (1 R. S. 766, §§ 3, 14, 17; *The Madison County Bank* v. *Gould*, 5 Hill, 315.) 2. The statute, upon the insol-

vency of a limited partnership, makes the estate a trust fund for the equal benefit of all the creditors, and it becomes the duty of the partners to make an assignment to a responsible trustee of all the property, that the creditors may be paid equally ; and if the partners do not make the assignment, the court will interfere and appoint a receiver. (*Innes* v. *Lansing*, 7 Paige, 583.) 3. The law imposing the making of an assignment as a duty upon the partners, it would be somewhat anomalous to hold that the limited partner must join in an assignment, the effect whereof would be to make him liable as a general partner.

IV. It is conceded that a court will not lend its aid to one who founds his action upon an immoral or an illegal act. The court refuses its aid, not out of favor to the defendant, one of the guilty parties, but upon general *principles* of public policy. They will neither enforce the performance of a fraudulent agreement, nor will they preside at the distribution of the plunder. (*Holman* v. *Johnson*, 1 Cow. 341, 343 ; 1 Story's Eq. Jurisp. § 61.)

V. Where the reason of the rule fails, the court will no longer execute the rule, nor will they execute it when it may work an injury to innocent persons. Here third persons are interested : the creditors who sold their goods upon the faith of the limited partnership. The assignees are trustees for the benefit of the creditors, and represent them and their interests, rather than the assignors. (See *Innes* v. *Lansing*, 7 Paige, 583.) 1. Nor is it any answer to the claim of the creditors to say that they have their remedy by suit against the limited partner as a general partner. It does not lie with the limited partner to say there was no limited partnership. The creditor may prefer such rights as the statute in question gives him to an equal division of all the partnership property, to a right of action against the limited partner as a general partner. The doctrine of *estoppel in pais* is familiar.

VI. But there is no fraud in the case. The court never presume fraud, but on the contrary. There is no allegation of fraud, and if the court will indulge in presumptions they will

Robinson v. McIntosh.

presume mistake rather than fraud. If there is anything in this defence of which the defendant can avail himself, he must set it up by answer.

VII. The complaint is good in form. (Code, § 142; Voorhies' Code, 147, 150; *Glenny* v. *Hitchings*, 2 Code Rep. 36; *Dollner* v. *Gibson*, cited p. 145 of Voorhies' Code; *Dows* v. *Hotchkiss*, at p 144.)

*William R. Stafford*, for the defendant, made and argued the following points :

I. The plaintiffs are assignees of three members of the firm of McIntosh & Henderson (the defendant not having joined by act or consent in the assignment), and bring this action to recover from the defendant, as the special partner of a limited co-partnership under the statute, twenty thousand dollars, his alleged share of the capital not paid in. It is an action at common law for a sum certain, the complaint not seeking equitable relief.

II. To authorize an action at common law by one partner against another, the firm must have been dissolved, an account stated, balance struck, and an express promise to pay given. An assignee of a partner can have no greater rights than the partner. The requisites to an action at law are wanting in this case. (Collyer on Partnership, § 284; §§ 121, 125; 1 Story, Eq. Juris. § 664, note; *Westerlo* v. *Evertson*, 1 Wendell, 532, and cases cited; *Nevin* v. *Spikermann*, 12 Johns. R. 402; 1 Hall, 180 and 391.)

III. The firm of McIntosh & Henderson was never dissolved. 1st. If it was a limited co-partnership, it must be dissolved pursuant to the statute. (1 R. S. 756, § 24.) The three general partners, assignors of plaintiffs, could not of themselves, without regard to the special partner, declare the firm insolvent and dissolved. (*Mills* v. *Argall*, 6 Paige, 582; *Griswold* v. *Waddington*, 15 Johns. R. 57; and 16 J. R. 438.) 2d. If the limited partnership did not exist by reason of a violation of the statute, then the members of the firm became liable as general part-

Robinson *v.* McIntosh.

ners. As a general partnership, if the partners do not agree, it can only be dissolved by application to the court.

IV. Even if the firm were duly dissolved, and an accounting had, no action would lie. 1st. The certificate alleges that the defendant had complied with the terms of the statute, and no implied obligation to contribute the sum can result where the statute, under which that certificate was made, has expressly fixed the penalty of non-compliance. If liable then as a general partner, the defendant cannot be sued as a special, nor can the plaintiffs have any right of action under the statute against him as such. (1 R. S. 753, §§ 8 and 16.) 2d. Nor if there was a subsequent express agreement by the defendant to contribute the $20,000, would a right of action accrue in equity, unless it also appeared that he had fraudulently and without the consent of his co-partners appropriated or converted it to his own use— of which there is no allegation in the complaint. (Collyer on Part. §§ 992, 995, and cases cited.) 3d. No special partnership, however, having existed by reason of non-compliance with the statute, there could be no valid contract, express or implied, between the alleged partners, to enable the plaintiffs to maintain this action. If the certificate and affidavit were false, the three partners, the assignors of plaintiffs, were partners to a fraud, and the plaintiffs are estopped. (4 Peters Rep. 184; Collyer on Part. p. 268, note 1.)

V. The complaint does not show any grounds for equitable relief. 1st. If the $20,000 claimed could be considered a portion of the assets of the firm, then the possession of the defendant would be the possession of the firm, subject to the claim of creditors. The plaintiffs are, at best, but tenants in common with the defendant, and cannot have a right of action against him for partnership effects in his hands. He is equally entitled to the possession in law. (Collyer on Part. § 383; *Murray* v. *Murray*, 5 Johns. Ch. Rep. 70.) 2d. The $20,000, however, never formed a portion of those effects, and equity would only interfere where it had been paid in and subsequently withdrawn, and then only in aid of the express provisions of the statute. (1 R. S. 756, § 16.) The parties

here being in *pari delictu*, the court will not allow one to take advantage of their own illegal acts, or enforce a contract of partnership which was a fraud upon the statute. 3d. The sole remedy, moreover, is conferred upon the creditors, and they have the most ample means of relief. (1 R. S. 753, § 8.)

VI. The assignment to the plaintiffs is void, and they derive no rights under it as against this defendant. 1st. It purports to assign the effects of a limited co-partnership, but as no such partnership in fact existed, no estate became vested in the plaintiffs. 2d. It was not executed by the defendant. One partner cannot bind another under seal without his consent. If upheld, a special partner would have no protection against the fraudulent acts of the general partners, who, without his consent or knowledge, could declare the firm insolvent, and assign the assets for the benefit of fraudulent creditors. (*Havens* v. *Hussey*, 5 Paige, 30 ; *Mills* v. *Argall*, 6 Paige, 582 ; Collyer on Part. p. 1 ; *McBride* v. *Hagen*, 1 Wend. 326.)

VII. The judgment of the court below was, therefore, correct, and should be affirmed with costs.

By the Court. Woodruff, J.—The demurrer admits that the defendant united with Thomas and James McIntosh and George Henderson in a certificate, stating that the parties had formed a limited partnership under the name or firm of " McIntosh & Henderson," in which the other parties were general partners and the defendant was special partner, and as such had contributed $20,000 to the common stock.

That such certificate was duly acknowledged and filed, accompanied by the affidavit of Thomas McIntosh that the defendant had paid in the said sum of $20,000 in cash ; that the business contemplated was begun and continued about two months when the partnership failed and became insolvent, and being insolvent the persons named in the said certificate as general partners executed and delivered to the plaintiff an assignment of all the co-partnership property, and all claims and demands belonging to such firm or the said general partners as co-partners therein, in trust for the payment of all

the debts owing by the firm (exclusive of any claim by the defendant as creditor) without any preference being given to any creditor ;

That in truth the defendant never paid in the $20,000 mentioned in such certificate and affidavit ;

And that the co-partnership was at the time of such assignment, and still is, insolvent to an amount exceeding the sum of $20,000, which the defendant falsely certified he had contributed.

The complaint demurred to insists that the plaintiffs are entitled to compel this contribution, that the money may be applied to the payment of the debts.

Upon the defendant's admission of the foregoing facts, the question is raised, Whether the plaintiffs are entitled to the relief which they seek?

An objection is urged, which goes to the foundation upon which the exercise of any jurisdiction of the court over the subject is said to depend, viz. that the creditors for whose benefit these plaintiffs profess to bring the action have an ample remedy in their own hand ; the defendants not having complied with the statute relating to limited partnerships is liable to the creditors directly as a general partner. (1 Rev. Stat. p. 765, § 8.) There is, therefore, it is argued, no occasion for the equitable interference of this court to enforce their rights, even if it be conceded that the defendant is bound to pay the $20,000.

The argument, assuming as it does the liability of the defendant, and resting solely on the idea that there is no ground for equitable interference, amounts to this :

Although it be true that the plaintiffs are trustees, for the benefit of all the creditors, and have assumed the trust, and come here for aid in recovering the assets to which the creditors are entitled, and for the purpose of dividing those assets among the parties beneficially interested in the trust, the bill shall not be entertained, because each one of the *cestui que trusts* may maintain a separate action to recover his own debt, and this although the effect of such separate suit may be to prevent

that equal distribution among creditors which equity so highly approves and encourages. The creditors must be left to a race among themselves after judgments, without regard to costs or multiplicity of suits.

I cannot concur in this view of the subject. The duty of the plaintiffs (if trustees duly appointed) is to gather in all the assets which legally or equitably belong to the co-partnership, and divide them among the creditors ; and the creditors have a right to require this without being put to the necessity of prosecuting various suits in a strife for precedence and at an uncertain cost, which (upon the admitted facts) is wholly unnecessary.

The case of *Innes* v. *Lansing*, 7 Paige, 583, I think fully sustains the complainants in this. There the chancellor sustained a bill filed by a creditor at large for the appointment of a receiver, who, as trustee, would stand in the same relation to the creditors and to the assets as the present plaintiffs. If the present partnership is to be taken as against this defendant, as a limited partnership, then all the reasoning in the opinion in that case applies to this, and the present objection is there considered. And if it be not treated as a limited partnership, still trustees having been in fact appointed, they are entitled to the same protection in a court of equity for the benefit of the *cestui que trusts*, who by the terms of the assignment are as much entitled to have the fund—appropriated for their equal benefit—protected and secured to that object as they would be if their claim to equal distribution rested on the statute alone. And the case of *Whitewright* v. *Stimpson*, 2 Barb. S. C. R. 379, not only affirms the decision in *Innes* v. *Lansing*, but makes the neglect of the firm to place the assets in the hands of an assignee for the benefit of creditors the very ground of the interference of the court to appoint a receiver.

But it is said that the assignors of the plaintiffs could not have maintained this action, and they can give the plaintiffs no better title to sue than they had themselves ; and this proposition is urged,

First. Because no action will lie by one or more partners

Robinson *v.* McIntosh.

against another without a previous accounting and settlement of the co-partnership affairs. It may be conceded (12 J. R., 401 ; 1 Wend., 532 ; 1 Hall, 180) that no action at law will lie between partners to recover moneys accruing in the actual conduct of the co-partnership business. But it is by no means settled that even an action at law might not be sustained upon the articles of co-partnership to enforce the express stipulations made by one to the others. Those stipulations are made to the respective partners as individuals and not as partners, and actions are brought and sustained for the breach thereof. Such was *Venning* v. *Leckie*, 13 T. R. 7, where the action was brought for a refusal to contribute the sum stipulated to the joint capital, and the full amount recovered ; and the cases of *Townsend* v. *Goewey*, 19 Wend. 424, and *Paine* v. *Thatcher*, 25 Wend. 450, support an action even at law to compel the payment of moneys expressly agreed to be paid by an individual co-partner.

But whatever limitations may apply to an action at law, I have no doubt of the power of a court of equity to compel a partner to contribute the sum stipulated as capital, or to restore it to the common fund if he have withdrawn it before the debts are paid. In equity the contracting party is a debtor to the firm to the full amount agreed to be contributed. In the language of Story, " he stands in equity as to such a debt precisely in the same relation to the firm as if he were a third person who was a debtor thereto." (See *Buxton* v. *Lister*, 3 Ark. 385 ; *Crawshay* v. *Maule*, 1 Swanst. 511, 12, and note on p. 513 ; Story on Part. § 203 and onward.)

The want of title in the plaintiffs is further urged on the ground that by the filing of the certificate and by the affidavit, all the parties thereto are concluded. Neither can allege as against the other that the certificate was false, since that would be to suffer a party to allege a fraud in which he was a partaker with the rest, and therefore the assignees claiming through some of the fraudulent parties are also concluded.

On this subject it should first be observed that this is not a claim founded in a fraudulent contract, which contract was

itself illegal, and which for that reason cannot be enforced by either party against the other. The undertaking to form a co-partnership and on the defendant's part to put in $20,000 was not illegal nor fraudulent. Such an arrangement was proper and lawful, and that is the arrangement which is now sought to be enforced. The estoppel, if any, which concludes the original parties is a mere rule of evidence. The certificate and affidavit, if they are conclusive upon the parties, are so as admissions that the $20,000 were paid in, which they may not now deny. The point is not that the general partners were not entitled to require the defendant to pay in the money, but that they have admitted that he did pay it by acts which, as against them, are conclusive evidence that he did so. In my judgment the question whether the original parties are as matter of evidence concluded by the admission, does not and cannot arise upon this demurrer. Had the defendant by an answer, put in issue the question whether the money was paid or not, it may be that the parties to the fraud, if any, would not be permitted to deny the truth of the certificate—it might have been deemed as against them conclusive. But here the defendant by his demurrer has made an admission upon the record that the money was not in fact paid; and that being admitted the only inquiries are, what is the effect of the admitted fact?

It is not, however, necessary to rest the disposition of the objection upon this view. It does not follow that this admission is conclusive upon the plaintiffs. It clearly is not upon the creditors. This is conceded on all hands. It is claimed that although the plaintiffs are trustees for the benefit of creditors, they cannot deny the payment of the $20,000, because the assignors could not—*i. e.* that the plaintiffs cannot compel the defendant to do what is just and equitable towards the creditors, because the assignors have falsely, but conclusively as to them, admitted that he has done it. This is by no means so strong a case for the defendant in this respect, as would be an endeavor by trustees to recover property which had been transferred to defraud creditors. It may be that where the

assignor cannot impeach the title of a vendee or transferee on the ground of fraud, he cannot by a voluntary assignment enable his assignee to do so, and in general it is unquestionably true that he cannot. And yet where there is utter insolvency, and the equal protection of creditors demands it, it seems to me that in equity the assignor should be permitted to take the *locus penitentiæ,* and by doing all in his power to repair the injury his fraud would, if left to operate, occasion to a third person, enable the trustees for their benefit to recover back the assets to which they are confessedly entitled.

A receiver of the court may do this. (*Parker* v. *Browing,* 8 Paige, 391.) An executor or administrator who under our own statutes is now held to be, so far as assets are required for the payment of debts, a trustee for the benefit of the creditors, may do so likewise. (2 Hill, 181, and see cases cited.)

But this is not such a case. This defendant was bound to pay in the capital he was to contribute. That fund was the common fund for the payment of debts. Though it remains in his possession it is liable for those debts, and I cannot concur in the opinion that he can protect himself by saying that he and his co-partners united in an attempt to deceive the public and those who might give credit to the firm, by a false certificate that the money had been paid into the common stock when in truth it had not.

And it should also be observed that it stands admitted that the whole $20,000 will not suffice for the payment of the debts, so that there can be no resulting trust in favor of any of the parties to the supposed fraud which can entitle them to a surplus, in consequence of the judgment against the defendant which is now sought.

It is further urged that the assignors could not make an assignment without the consent of the defendant that should vest in the plaintiffs a title to the assets of the firm, and that, at most, they hold jointly with him.

If this co-partnership be deemed and taken against the defendant as a limited co-partnership (and it is by no means clear that, although he has not so complied with the statute as

to entitle himself to the immunities provided for a special partner, he may not have subjected himself to all the disabilities which the statute annexes to that character) then the assignors of the plaintiff have done just what it was their duty to do when they found that the firm was insolvent—viz. provide for the equal distribution of the assets. And just what in the case above referred to (*Innes* v. *Lansing*) the court of chancery compelled at the instance of a creditor. Their act in this respect is in accordance with the provisions of the statute and agreeable to the rules of equity. It was an act eminently for the benefit of creditors, and to which in my judgment the assent of the defendant was in no wise necessary. Surely a court of equity will not for the defendant's benefit declare such an act void.

And if the co-partnership be not deemed a limited partnership so but that in the language of the statute "all the persons interested are liable as general partners," still the control and management of the co-partnership affairs was vested in the other members of the firm. The defendant was not an active partner. He was only liable as a general partner. And whatever doubt there may be in ordinary cases of the power of some of the members of a firm to make such a disposition of the property while other members are present and equally entitled to a voice in that disposition, I do not doubt that we ought to sustain an assignment in all respects equitable and just to all parties, made in a condition of hopeless insolvency, by all of those who by the terms of the actual arrangement between the members are the active, managing partners in the business. The defendant may be regarded as a dormant, if not a special partner, in such a sense as warranted them in the exercise of the authority they assumed. And the cases referred to by the defendant's counsel do not conflict with this view (*Harris* v. *Hussey*, 5 Paige, 30 ; *Mills* v. *Argall*, 6 Paige, 582) except the intimation that there might be some doubt of the power of the general partner when the partnership was formed in accordance with the statute, and its requirements were complied with.

My conclusion is that the demurrer ought not to have been sustained.

Judgment for the defendant on demurrer reversed, and judgment ordered for the plaintiff, with leave to the defendant to answer upon payment of costs.