# NEW-YORK COMMON PLEAS.

ARMAND LA CLIAISE & VICTOR FAUCHE agt. GEORGE P. LORD, SAMUEL N. BROWN, and ABIEL B. MARKS.

*Limited partners,* having a special partner, on dissolution, after purchasing the interest of the special partner in the concern, and transferring to a new firm of general partners, composed of themselves, (not including the special partner,) all the assets of the limited partnership, and assuming all its debts and liabilities, and on failing, from subsequent insolvency, to pay the debts of the limited partnership, cannot compel the creditors of the limited partnership to rely upon the individual liability of the members of the *new firm.* No such arrangement can deprive the creditors of the limited partnership of their right

to insist upon the application of the *assets still remaining in the hands of that firm*, to the payment of their debts.

If, upon a dissolution of a firm, one partner may sell to the other partner all his interest in the assets of the firm, and if such transaction is *bona fide*, and for the purpose of winding up the affairs of the firm, a creditor cannot take such property from liens obtained against it by the creditors of the partner making the purchase—(1 *Barb. Ch R.* 480;) such a doctrine can apply in the case of a *limited partnership—Quere?*

A simple contract creditor is not entitled to an injunction and receiver in an action in his own behalf, against an insolvent firm. It is otherwise where the action is brought, not for the benefit of the plaintiff solely, but of *all the creditors* of such firm.

A *judgment creditor* can only have an order allowing a receiver to take sufficient of the assets of the firm to obtain the means of discharging his debt; and, until he is a judgment creditor, there is no propriety in giving him a receiver, unless in a case where the effect of such receivership will operate to secure *all the creditors* of the firm.

A motion for injunction and receiver will not be granted where *all the defendants*, sought to be made liable as partners, do *not admit the indebtedness*. The power of appointing a receiver should only be exercised when the claim is undisputed, and where the property will, as speedily as possible, be applied to the use of the creditors.

The mere *pendency* of an action in behalf of all the creditors against an insolvent firm, whether prior or subsequent in its commencement, affords *no ground* to stay proceedings in other like actions against them, until after judgment has been entered in a case in which the other creditors can come in and make themselves parties.

*Special Term, January,* 1855.—Motion for an injunction and a receiver.

Lord & Brown had formed a limited partnership, and Marks, as special partner, advanced $20,000. The partnership was to continue five years. During the first three years, Marks drew out a large part of his advance as interest and profits, the firm believing the partnership solvent; and before its termination he sold out his interest in the concern to Lord & Brown.

Lord & Brown thereupon transferred to a new firm, composed of themselves, all the assets of the limited partnership, and assumed the debts; and, after paying about one half of the debts so assumed, became insolvent.

The plaintiffs commenced this action against the members of the limited partnership for a debt they held against the firm, and also against the special partner, seeking to charge him as

a general partner; and they now moved for an injunction and a receiver.

C. BAINBRIDGE SMITH, *for plaintiffs.*

J. B. STEVENS and DANIEL LORD, *for defendants, Lord & Brown.*

BENEDICT, BOARDMAN, and HUNTINGTON, *for defendant, Marks.*

INGRAHAM, First Judge.   The plaintiffs, being creditors of Lord & Brown, move for an injunction against the partnership property, and a receiver.

The complaint shows the indebtedness of the firm of Lord & Brown to the plaintiffs, upon a note of $1,070.50. That Lord & Brown formed a limited partnership in December, 1850, to continue for five years; and that the other defendant, Marks, was the special partner, having advanced $20,000 thereto. That during the existence of the partnership, Marks withdrew from the funds of the firm $18,339.80; and about the first of July, 1854, received from the firm their notes for $17,500. That about that time the firm served upon their creditors a notice of a dissolution of the limited partnership. That at the time Marks received such sums of money from the firm, they were insolvent, and that such moneys were transferred in contemplation of insolvency. That the firm of Lord & Brown is now insolvent, and wholly unable to pay the debts of the firm, and have now in possession several thousand dollars of assets of said partnership, out of which they are paying debts, and giving preferences over the debt due to the plaintiffs.

The defendants, Lord & Brown, do not deny the indebtedness to the plaintiffs.   They admit the insolvency of the firm, and that they have in their possession some of the assets of the firm.

They explain the payments made to Marks to have been dividends of profits, which they allege to have been made in good faith, and after allowance for all losses sustained at the times of such dividends, for the years 1851–2 and 3; and aver that such dividends were made from such profits.

They also aver that, at the time of the dissolution, in July, 1854, they believe the firm to have been solvent. That on such dissolution, they bought from defendant, Marks, his interest in the assets of the firm, as the special partner, for which the notes of Lord & Brown were given, payable after all the liabilities of the special partnership shall have matured.

That Lord & Brown bought the assets of the firm of Lord & Brown, (the limited partnership,) which were duly transferred to them; and they incurred a liability for said purchase of $140,000, of which they have since paid $75,000.

That Lord & Brown thereupon formed a new general co-partnership, in which Marks had no interest. That such new firm failed in November, 1854; and that there is now due to the creditors of the limited partnership $65,000, and of the general partnership $115,000.

They also allege the pendency of another action in this court, by Lattimer and others, in behalf of all the creditors of such limited partnership, praying for an injunction and receiver, prior to the commencement of this action.

If this action had been by the plaintiffs, as creditors of Lord & Brown, and on behalf of all the creditors of the limited partnership, and Marks had not been sought to be charged as a general partner, I think the facts appearing before me sufficient to warrant the granting of the motion. The firm is admitted now to be insolvent, owing about $65,000; and by a proceeding to which but little value can be attached, so far as the claims of creditors are concerned, the whole assets of the firm of Lord & Brown, the limited partnership, have been sold to Lord & Brown, the general partners; and, as appears from the answer, in consideration of their assuming to pay all the liabilities of the limited partnership, amounting to $140,000. Had such liabilities been discharged at maturity, no one of the creditors would have had any cause of complaint against the arrangement; but when debts to the amount of $65,000 are left unpaid, the creditors may well claim to be held void a sale of the whole assets of the firm by the partners to themselves, when they are told they have no claim upon such assets, and

La Cliaise and Fauche agt. Lord, Brown, & Marks.

must rely upon the individual liability of Lord & Brown, the members of the general partnership, to whom they allege such assets to belong. No such arrangement can be sustained, to deprive the creditors of the limited partnership of their right to insist that the assets of that firm shall be applied to the payment of its debts; and although the defendants may have gone on and paid, with borrowed money, some of their liabilities, there is nothing in that fact to justify them in withholding from such creditors the assets still remaining in their hands, and which, under any circumstances, should be applied in discharge of the liabilities of the limited partnership. That such a transfer between the same parties can be sanctioned, as depriving creditors of the assets of the firm for the discharge of its debts, seems to me inconsistent with every principle of justice or equity.

It may be that, upon a dissolution of a firm, one partner may sell to the other partner all his interest in the assets of the firm; and if such transaction is *bona fide*, and for the purpose of winding up the affairs of the firm, a creditor cannot take such property from liens obtained against it by the creditors of the partner making the purchase. (*Ketcham* agt. *Durkee*, 1 *Barb. Ch. R. p.* 480.) But such a doctrine cannot be extended to a case like the present one, and I doubt whether it can be in any case of limited partnership.

The right to grant such a motion was settled in the case of *Inness* agt. *Lansing*, (7 *Paige*, 584,) and has been since followed by the supreme court in *Whitewright* agt. *Stimpson*, (2 *Barb. S. C. Rep.* 379;) and the rule adopted in those cases, as to limited partnerships, was extended by Judge EDMONDS to general partnerships. (5 *How. Pr. Rep. p.* 35.) Whether that case, however, can be sustained, it is not necessary now to inquire. I may add, however, that where it appears that a disposition was made, or to be made, of the assets, in giving a preference to one creditor over another, in view of insolvency, the provisions of the 219th section of the Code are comprehensive enough to warrant such a proceeding.

In the cases to which I have referred, the action was com-

menced, not for the benefit of the plaintiffs solely, but of all the creditors of the insolvent firm; and the appointment of a receiver in those cases would have secured the partnership funds and assets for the joint benefit of all; and, upon a distribution of such assets, the creditors would have been entitled equally to share in the proceeds thereof.

There is a manifest propriety in requiring such a form of action, before the property of the firm should thus be placed in the hands of a receiver. There is no equity in taking from a firm the whole of their property, to pay or secure one individual creditor to the exclusion of others. The impropriety of thus placing in the hands of a receiver the whole of the assets of the firm, to pay a claim of $1,000, and thereby depriving other creditors, having claims amounting to $64,000, of any proceedings against such assets, until the first creditor is paid, is so manifest, that it can require no argument to show that it ought not to be done. Even if the plaintiffs were judgment creditors, they could only have an order allowing a receiver to take sufficient of the assets of the firm to obtain the means of discharging their debt; and, until they are judgment creditors, there is no propriety in giving them a receiver, unless in a case where the effect of such receivership will operate to secure all the creditors of the firm.

I think, also, there is a difficulty in the present action, which forms an objection to the granting of this motion. It should be required, to warrant such an order, that all the defendants, sought to be made liable as partners, admit the indebtedness. The defendant, Marks, (to whose answer I have not before referred,) denies such indebtedness. He denies any joint indebtedness whatever, and does not admit the plaintiffs' claims.

If he is sought to be held liable as a defendant, he certainly does not admit the indebtedness; but, on the contrary, his answer shows a statement of facts which would, if proved, entitle him to a verdict.

Besides, other creditors might not, even if the action had been commenced for all the creditors, have been willing to en-

gage in such a contest as must ensue, on an attempt to charge the special partner with the debts of the firm.

It is not necessary for me to pass upon the questions argued before me as to the liability of Marks. His liability is denied. If it exists, it is not admitted so as to warrant me in granting this motion. If he is not liable, it can only be decided at the end of a protracted litigation; and the funds and assets of an insolvent firm should not be tied up from all the creditors, for the purpose of enabling one creditor to enter into such a controversy.

The granting of an injunction and appointing a receiver, in cases of this kind, is admitted by the chancellor to be an addition to the former powers of a court of equity; and it seems to me to be proper that the power should only be exercised when the claim is undisputed, and where the property will, as speedily as possible, be applied to the use of the creditors.

An objection was made upon the argument, and appears in the defendant's answer, that another action is pending in this court for the benefit of all the creditors, and that such action was commenced prior to the present one.

The mere existence of such an action, although a prior one, has no effect upon this motion. Whether prior or subsequent, in its commencement, it affords no ground to stay proceedings in other actions, until after judgment has been rendered in a case in which the other creditors can come in and make themselves parties. After such a judgment, a motion formerly could be made to stay proceedings in other suits, so far as relates to the appointment of a receiver.

This was settled by the chancellor in *Inness* agt. *Lansing*, (7 *Paige*, 583,) before referred to.

This motion for the receiver must be denied, with $10 costs, and the injunction dissolved, without prejudice to a renewal of it, if the plaintiff shall, by amendment, obviate the objections which now exist as above stated.