## GALWEY *vs.* THE UNITED STATES STEAM SUGAR REFINING COMPANY.

The statutes provide for but three cases in which a receiver of the property of corporations (other than moneyed corporations) can bo appointed : 1. Upon the application of a creditor by judgment or decree, on the return of an execution unsatisfied. 2. When the corporation has been insolvent for a year, or has neglected or refused, for a year, the payment of its debts, or has suspended its business for a year. 3. Upon the application of the directors or trustees, when in their judgment the condition of the corporation makes a voluntary dissolution desirable.

A receiver of a manufacturing corporation will not be appointed, in an action brought against it by a creditor at large who seeks for a dissolution of the corporation and the distribution of its effects, on the ground of its insolvency, and that its trustees, instead of taking proceedings for the dissolution of the company, intend to facilitate the recovery of judgments against it, by certain creditors, with a view to give them a preference, and thus to effect alienations of the property contrary to law. MULLIN J. dissented.

APPEAL from an order made at a special term, denying a motion for a receiver. The action was brought by the plaintiffs, who were creditors at large of the United States Steam Sugar Refining Company, to procure a dissolution of the corporation and the appointment of a receiver, on these grounds : 1. Because the company was insolvent, and its property, consisting mostly of real estate, was not worth more than fifty per cent of its unsecured debts ; and 2. Because its trustees (who were made defendants) ought to take proceedings for the dissolution of the corporation, and the equal distribution of its property among its creditors ; but

that instead of doing so, they intended to facilitate the recovery of judgments against the company to an amount exceeding half the value of its assets, and thus, by priority of lien, to give preferences, and by suffering the judgments to be executed, to effect alienations of the property of the corporation contrary to law. The defendants put in affidavits in which they denied most of the material allegations of the complaint. The corporation was formed under the general law of April 17, 1848, authorizing the formation of corporations for manufacturing, mining, mechanical or chemical purposes. (*Laws of* 1848, *p.* 54.) A temporary injunction which had been obtained, against the corporation and its trustees or directors, was ordered to be continued.

*H. P. Fessenden* and *C. O'Conor,* for the appellants.

*W. M. Evarts,* for the defendants.

BARNARD, J. The statutes provide for but three cases in which a receiver of property of corporations (other than moneyed corporations) can be appointed: 1st. Upon the application of a creditor by judgment or decree, on the return of an execution unsatisfied. (2 *R. S.* 463, § 36.) 2d. When a corporation has been insolvent for a year, or has neglected or refused for a year the payment of its debts, or has suspended its business for a year. (*Id.* § [38] 46.) 3d. Upon the application of the directors or trustees when, in their judgment, the condition of the corporation makes a voluntary dissolution desirable. (*Id.* 467, § 58.)

The case made by the complaint clearly does not fall within any one of the above provisions. The case made by the complaint falls within § 43, and particularly subdivisions 3, 4, 6, 7 and 8 of that section. This section (43) does not authorize the appointment of a receiver, nor is there to be found any other section which authorizes a receiver of the property

of the corporation to be appointed in any action or proceeding brought for any of the causes mentioned in section 43.

It is obvious that the appointment of a receiver of the property of the corporation is not necessary for the protection of the rights of the parties plaintiff or applicant, under section 43. In all those cases the proceeding is not against the corporation as a corporate body, but against its officers; and none of the matters mentioned in that section are cause for the dissolution of the corporation. It is difficult to see how, under such circumstances, the property of a corporation can be vested in a receiver. We do not mean to be understood as holding that under the general equity power of the court a receiver may not be appointed of property which a director, or trustee, or a third party, proceeded against under section 43, may have in his possession and hold *in invitum* against the corporation to protect it against waste, loss or destruction *pendente lite*, and to deliver it to the corporation in the event of its being decided to belong to the corporation. This, however, is far different from taking the property held by the corporation and transferring its possession to a receiver, to be held for the benefit of creditors, when no cause for the dissolution of the corporation exists. It is evident that the statute does not authorize a receiver of the property held by corporations in the cases specified in section 43, since, from the very nature of such proceedings and the causes for which they are allowed, such a receivership would be improper. Under the case as made by the complaint, the motion for a receiver was properly denied, and the order should be affirmed with $10 costs.

CLERKE, J. concurred.

MULLIN, J. (dissenting.) Before proceeding to examine the legal questions arising on this appeal, it is necessary to dispose of the question of fact presented by the papers; and that is, was the corporation insolvent when the motion for

the appointment of a receiver was made ?    Insolvency is charged.    The charge is met by a qualified denial.    The property of the corporation is shown to have cost a much larger sum than the entire indebtedness, and that it is now intrinsically worth a great deal more ; but it is conceded that if sold in the present depressed condition of affairs, it would not bring enough to pay the debts.

If the depreciation of property was the result of causes which we could see would disappear in a short time, we might with great propriety hold that the solvency or insolvency of a person or corporation should be made to depend upon the value of his or its property, at such a time.    But the depreciation has, as is shown by the papers, been existing for more than a year, and we cannot now say that another year will bring with it any improvement.    Under these circumstances, it seems to me we must hold that the value of the property of this corporation must be estimated, for the purposes of this question, at its present prices, and so estimating it the corporation is insolvent.

A court of equity, as such, has no visitorial power over corporations.    (*Attorney General* v. *Utica Ins. Co.*, 2 *John. Ch. R.* 370.    *Same* v. *Bank of Niagara, Hopk.* 354.)    By the 3 *R. S.* 5*th ed.* 761, § 39, the court of chancery was clothed with power over corporations for certain specific purposes, and which purposes were to be attained in the manner prescribed in the act.    These powers were, 1st. To restrain by injunction any corporation from exercising powers or franchises not authorized by their charter ; and to restrain individuals from exercising corporate powers not granted by some law of the state.    Proceedings for these purposes can be instituted by the attorney general.    2d.    Jurisdiction was given over directors, managers and other trustees and officers, in eight cases enumerated in the 41st section of the statute referred to.    The 7th is to set aside all alienations of property made by the trustees or other officers contrary to the provisions of law ; and the 8th is to restrain and prevent any such

alienation in cases where it may be threatened, or there may be good reason to apprehend it may be made. Proceedings under this section may be instituted by the attorney general, or at the instance of any creditor or of any officer of the corporation having a general superintendence of its concerns. (§ 43.)   3d. When a judgment at law or decree in equity is rendered against a corporation, and an execution has been issued thereon and returned unsatisfied in whole or in part, the court, upon the petition of the person obtaining such judgment or decree, or his representatives, may sequestrate the stock, property, &c. of the corporation and appoint a receiver. 4th. When any incorporated company shall have. remained insolvent for one whole year, or for one year shall have neglected or refused to pay and discharge its notes or other evidences of debt, or for one whole year shall have suspended its ordinary and lawful business, it shall be deemed to have surrendered the rights, privileges, franchises, &c., and shall be adjudged to be dissolved.   When the object is to dissolve the corporation, without regard to any remedy against or sequestration of its property, proceedings must be instituted by the attorney general.

It was held by the chancellor, in *Innes* v. *Lansing*, (7 *Paige*, 583,) that where the directors of a corporation do any act which works a forfeiture of its charter, it is such a violation of the law incorporating the company as to authorize a *creditor* or a stockholder to institute proceedings against it, for the purpose of having a receiver appointed to close up its concerns, under the provisions of the revised statutes relative to proceedings against corporations in equity.   (12 *Barb.* 27.) 5th. Whenever the officers having the management of the concerns of any corporation, or a majority of them, shall discover that the stock, property and effects of such corporation have been so far reduced, by losses or otherwise, that it will not be able to pay all just demands to which it may be liable, or to afford a reasonable security to those who may deal with it, or whenever such officers shall, for any reason, deem it

beneficial to the interests of the stockholders that such cor-
poration should be dissolved, they may apply by petition for
a decree dissolving such corporation pursuant to the provis-
ions of the statute.    (3 *R. S.* 768, § 69.)    Proceedings under
this section can only be instituted by the officers of the cor-
poration.    6th.  It is provided by 2 *R. S. 5th ed.* 601, § 4,
that whenever any incorporated company shall have refused
the payment of any of its notes or other evidences of debt in
specie or lawful money of the United States, it shall not be
lawful for such company or any of its officers to assign or
transfer any of its property &c. to any stockholder of such
company, directly or indirectly, for the payment of any debt,
nor to make any assignment or transfer in contemplation of
insolvency of such company, to any person whatever ; and
every such assignment, if made, is utterly void.    And when
any such company shall have remained insolvent a year, or
for a year neglected to redeem its notes, &c., or for a year
suspended its ordinary business, it shall be deemed and ad-
judged to have surrendered the rights &c. granted by its act
of incorporation, and shall be deemed dissolved.

Under the first branch of the aforesaid section, a stock-
holder, creditor or other person entitled to protection, may
proceed to restrain the company from assigning, &c. ; and un-
der the last branch it would seem that the attorney general
only could proceed, unless, in the cases in which the officers
of the company, under a provision hereinbefore cited, may
proceed to dissolve the corporation.

It follows from these provisions of the statute, in none of
the cases prescribed have creditors the right to institute pro-
ceedings to dissolve the corporation by reason of insolvency,
actual or contemplated, except when they have recovered
judgments, and had executions issued thereon returned un-
satisfied in whole or in part.

They may apply for injunctions to prevent assignments
made or threatened with a view to giving preferences, and
when the corporation has omitted to redeem its notes or pay

its debts for a year, or suspended for the same time its operations, or remained insolvent for a year, they may apply for a receiver of the property and effects of the corporation. In this case the plaintiffs, as creditors, have the benefit of an injunction to restrain alienations. They are not judgment creditors so as to proceed under provisions of the statute applicable to them, and a year had not elapsed when this suit was instituted and motion made so that they could demand relief under the provisions of the statute which renders insolvency or non-payment of debts a ground for the appointment of a receiver. It seems to me, then, that under none of the statutes authorizing proceedings against corporations can the plaintiff obtain the relief sought by this motion.

It is quite obvious that it is the intention of the legislature to secure to the creditors of an insolvent corporation equality in the payment of their debts out of its property and effects. Hence it is that creditors have the right to enjoin the officers from giving preferences or making assignments or transfers for that purpose or with that intent. It is further provided by 3 R. S. 767, § 65, that whenever any action shall be commenced or any application made against any corporation or its officers or stockholders, according to the provisions of the title relating to proceedings against corporations in equity, the court may, by injunction, on the application of either party, restrain all proceedings at law by any creditor against the defendants in such suit. And the courts are required to cause all the creditors of the corporation to be brought in, and if the creditors do not appear, they are to be precluded from any share of the assets.

Although it is the intention of the legislature to secure equality amongst creditors, it secures it in but one way, and that is by injunction against giving preferences and preventing the creditor from obtaining a preference by action.

The statute seems to contemplate the appointment of a receiver only in case of the dissolution of the corporation. If

the plaintiff is entitled to a receiver, it must be on some ground other than the statutory provisions above referred to.

The chancellor, in *Innes* v. *Lansing*, (7 *Paige*, 583,) held that a creditor at large of an insolvent limited partnership may file a bill in behalf of himself and all other creditors of the copartnership, to restrain the insolvent partners from disposing of the property and effects of the firm contrary to law, and for a receiver, and to have the copartnership proceeds distributed among all the creditors ratably, according to the statute. It will be seen that the provisions of the revised statutes, (3 *R. S.* 64, §§ 20, 21,) relating to assignments, transfers and creation of liens with a view to a preference amongst creditors by insolvent limited partnerships, are substantially like the provisions on the same subjects in relation to insolvent corporations. The chancellor (*p.* 586) says, "it is evident from these statutory provisions that the legislature could not have intended that a creditor of such insolvent limited partnership should be compelled to proceed to judgment and execution at law, the necessary effect of which might be to give him a preference over other creditors, before he could be permitted to file a bill in this court to prevent the partnership funds from being wasted by the insolvent partners, and to obtain payment of a ratable portion of his debt out of the fund. Although any creditor, therefore, may proceed at law for the recovery of his debt, unless a decree has been obtained in this court for the benefit of all the creditors equally, or the property has been transferred to a trustee or receiver for the purpose of having such a ratable distribution thereof, I think this court is bound to carry into effect the principle of the statute by treating the property of the limited partnership, after insolvency, as a trust fund for the benefit of creditors * * *. Whenever the legislature creates new rights in parties, for the protection and enforcement of which rights the common law affords no effectual remedy, and the statute itself does not prescribe the mode in which such rights are to be protected, this court, in the exercise of its acknowledged

jurisdiction, is bound to give to a party the relief to which he is equitably entitled under the statute."

... The creditors then, of a limited partnership, are by statute entitled to have their debts paid ratably out of the property of the partnership. So are the creditors of a corporation. This object may be secured by the members of the partnership by a transfer of the property to a trustee, to be ratably distributed. The officers of a corporation may apply for a dissolution and a consequent ratable distribution.

The creditor of the limited partnership may apply to the court to restrain alienations or the giving of liens in order to give preferences. So may the creditors of a corporation. A judgment creditor of a limited partnership, whose execution has been returned unsatisfied, may proceed and enforce payment of his debt. But the creditor by judgment, of a corporation, whose execution has been returned, cannot obtain a preference, but must proceed and dissolve the corporation, and thereby secure to all the creditors a ratable share of the property. The chancellor says it is because the *right* to a ratable share of an insolvent limited partnership is given by statute, without any means being given by the statute to enforce it, that he afforded relief in *Innes* v. *Lansing ;* and it seems to me that relief must be granted in this case for precisely the same reason.

There is no mode pointed out by the statute by which the creditor at large of an insolvent corporation can secure under the statute his right to a ratable portion of its property. The officers may secure it if they will. So may the partners of an insolvent partnership. It is optional with both; the creditor has no means to compel them to act ; and unless relief is given by the courts the creditor is helpless, and the right to a *pro rata* share declared by the statute is a mere illusion.

The defendants' counsel says that this case is distinguishable from *Innes* v. *Lansing* in this, that the statute has prescribed a mode, in the language of the chancellor, in which

Galwey *v.* United States Steam Sugar Refining Co.

the rights are to be protected in the case of creditors of insolvent corporations ; whereas there are none in the case of an insolvent limited partnership. I am wholly unable to discover the difference. The cases were parallel, as to all the provisions touching the rights of creditors to secure their ratable shares of the property of the insolvent debtors.

There is no method prescribed by the statute by which a creditor at large of a corporation can secure the right to a ratable share of its property in case of insolvency.

It was not enough to deprive the party of relief, in the case of *Innes* v. *Lansing,* that the giving of preferences and creation of liens were forbidden and declared void. Nor is it enough in this case that an injunction may issue to restrain the doing of the forbidden acts. In stopping them, the party is only in part relieved. Unless the property passes into the hands of a receiver, it may, by delay, be lost or so depreciated as to be practically valueless.

On this ground, and for these reasons, I think the plaintiff was entitled to a receiver, and that the part of the order appealed from which refuses a receiver should be reversed, with $10 costs.

Order affirmed.

[NEW YORK GENERAL TERM, November 4, 1861. *Clerke, Mullin* and *Barnard*, Justices.]