Hone and others v. Woolsey et al.

---

On a judgment creditor's bill, this court will not go into the validity of the judgment. The court of law wherein it was obtained is the proper tribunal to uphold or set it aside. Debtors made an assignment to trustees for creditors, which contained a clause constructively fraudulent. The trustees reassigned all the property to the assignors, who then made another assignment to the same trustees, which was unobjectionable on its face. A judgment creditor filed a bill some days after this second assignment was executed. The court sustained the latter assignment.

---

On the third day of July one thousand eight hundred and thirty two, the defendants William C. Woolsey, Benjamin Poor and Erastus D. Converse made an assignment for the benefit of creditors and wherein the other defendants, Cortlandt Palmer, Jonathan Trotter and Richard Bartlett, were the trustees.

*February 4. 1834.*

*Debtor and Creditor.*

*Judgment. Substituted assignment.*

Sometime in the month of November one thousand eight hundred and thirty two the parties who had made the assignment were advised that the validity of a similar assignment had been lately impeached in this court (*Wakeman v. Grover*, 4. Paige's C. R. 23, and in Error 11. Wend. 187 ) ; and, therefore, and on on the ninth day of the same November and under the advice of counsel the assignees, Palmer, Trotter and Bartlett reassigned the property vested in them to the debtors Woolsey, Poor and Converse ; who, on the next day made a new assignment to the same persons as trustees. This last assignment was good on its face ; whereas the former had contained trusts which would have been considered fraudulent against creditors.

The complainants were judgment creditors of Woolsey, Poor and Converse ; and had issued an execution, which was returned unsatisfied. Their judgment had been obtained upon a confession signed by Benjamin Poor alone in an action commenced by original writ. They filed their bill in this court on the fourth day of December one thousand

1834.

HONE
v.
WOOLSEY.

eight hundred and thirty two (twenty three days after the second assignment had been executed) for the purpose of discovering property and alleging fraud in whatever assignments had been made—claiming a discovery and copies of all such assignments.

The question for the court was upon the effect of the new assignment; and the defendants were desirous of raising a point upon the validity of the judgment.

Mr. *J. Anthon* for the complainants.

Mr. *W. S. Johnson* for the defendants.

October 6.    THE VICE-CHANCELLOR:—It is not necessary I should examine the objections raised against the validity of the complainants' judgment.    They more properly belong to the court of law, where any irregularity in the manner of obtaining the judgment or any fraudulent and collusive means resorted to for the purpose can be examined; and if found to exist, the judgment will be set aside.    The court rendering the judgment is best able to determine what is irregular and how far its process has been abused; and if a defendant wishes to avoid the effect of a judgment improperly rendered against him, the application should be made to the court of law—as was done in the case of *Grazebrook* v. *M'Credie*, 9. Wend. 437.    If he docs not take this course, but suffers the judgment to stand and at the same it appears by the record to be a judgment against the party who is brought into this court, I am inclined to think it is not the business of this court to enquire beyond the record into the means by which it was obtained.

Taking the judgment upon which the bill in this cause was founded to be a regular and valid one in every respect, and there seems to be no ground for sustaining the present bill.

The object of it is to reach property in the hands of the assignees as property still belonging to the judgment debtors.    Their first assignment, made on the third day of July one thousand eight hundred and thirty two, was, as to creditors and, according to recent decisions, constructively frau-

dulent upon its face. Apprehending it would be attacked, in consequence of the chancellor's decision in the case of *Wakeman* v. *Grover* and *Gunn*, the assignees released and reconveyed to the assignors all the property embraced in the assignment, to the end that a fresh one might be made, which should replace the property in the hands of the same assignees, free from the objectionable conditions contained in the former. These transactions appear to have taken place on the ninth and tenth days of November one thousand eight hundred and thirty two ; and the complainants' bill was not filed until the fourth day of December following.

Notwithstanding the latter assignment is absolute in its terms and made in trust for the benefit of creditors and, therefore, founded upon an apparently sufficient consideration, still, it is insisted, that the same is ineffectual to pass a valid title to the assignees; and also, that inasmuch as the first assignment was voidable at the instance of creditors, none but a voidable transfer could be made to the assignors and, of course, no better title could be conveyed by them to assignees and, consequently, the last assignment was subject to the same objection which might have been taken to the first and equally liable to be set aside.

The distinction between void and voidable must be attended to in considering this question. A deed or instrument utterly void is as one which never existed. It passes nothing—confers no right or title upon the party named as a grantee—and is of no effect as between the immediate parties to it; but an instrument or deed fraudulent as to creditors and purchasers and voidable by them, is nevertheless valid as between the parties to it, and the title is deemed to have passed and vested in the grantee or assignee—liable, indeed, to be divested at the suit of a party aggrieved. However, until suit brought for the purpose, such fraudulent grantee may sell and convey and a *bona fide* purchaser from him, without notice of the previous fraud, will acquire a good title against all the world : *Anderson* v. *Roberts*, 18. J. R. 515. ; *Bean* v. *Smith*, 2. Mason, 252. Again :—a void deed is incapable of confirmation or of being made good by any subsequent act of the party ; while one which is merely voidable may be made good by matter *ex post facto*.

It may be confirmed; and will then be effectual for all pur-poses, unless the rights of third persons intervene and pre-vent it. Nothing, I consider, is more clearly settled than that an assignment constructively fraudulent under the stat-ute or at common law in regard to creditors is voidable only and not absolutely void. I had occasion to examine this doctrine in the recent case of *Henriques* v. *Hone, ante*, p. 120.; and the principles there stated, adduced from former de-cisions, I must adhere to, until I shall be better instructed by the final decision to be had on the appeal in that cause.

In the case I am now considering, the first assignment, of the third day of July one thousand eight hundred and thirty two, was not a nullity. It was voidable only as between the assignors and assignees—the title passed and a trust was created for creditors upon the trusts and conditions contain-ed in it. None of the creditors came forward to accept the property upon those terms; and it appears to me that be-fore the rights of any of the creditors had actually attached as *cestuis que trust* under the assignment and before any of them were in a situation to acquire liens by virtue of judg-ments and executions returned and the filing of bills, the parties were at liberty to do any further acts by which the assigned property might be held by the assignees upon simi-lar trusts, but divested of the objectionable features of the first instrument. If the first assignment were capable of confirmation, then no matter in what form it may have been done, whether by a conveyance back to the assignors and a reassignment by them or by an instrument reiterating the trusts and dispensing with the conditions upon which they were to take effect. This court will look to the object and intent of the parties and give effect to their acts so as to carry such intention into effect wherever it is fair and honest.

The principles decided in *Murray* v. *Riggs*, on appeal, 15. J. R. 194. and *Mackie* v. *Cairns*, on appeal, 5. Cow. 547., in relation to acts done in confirmation of the deeds of as-signment, support the views I entertain upon this part of the case.

One of the points made in argument on the part of the complainants that no act done by the assignees to revest the title in the assignors could be available against the creditors,

because the fraudulent assignee had no title as against creditors and, therefore, as against them, could convey nothing, is confounding the distinction between void and voidable deeds. In the latter cases, the assignees or grantees certainly have a title as against creditors in the first instance until the creditors can take measures to impeach and avoid the fraudulent instrument. Under a fraudulent assignment, and from the time it is made, no trust results for creditors at large; and in this consists the fallacy of such an argument.

For these reasons, I am of opinion the reassignment of the tenth day of November one thousand eight hundred and thirty two, under which the assignees held the property, must be deemed a valid assignment; and as it embraces the residuary interest or surplus which the assignees had, under each of the partial assignments they had previously made for special purposes to other persons and no other property of any kind is discovered as belonging to the debtors, there is no aliment for the present bill against any of the defendants. It must be dismissed with costs.