
### MILLS & HOOKER vs. ARGALL and others.

An assignment by a limited partnership to a trustee for the benefit of creditors, after the firm has become insolvent or in contemplation of insolvency, is void as against the creditors of the firm if any preference in payment is given to one creditor or class of creditors over another.

Such assignment is also void as against creditors if it provides for the payment of a debt due to the special partner, rateably with the other creditors of the firm, or before all the general creditors are satisfied in full for their debts.

Whether the general partner in a limited copartnership is authorized to make an assignment of all the partnership effects to a trustee, for the payment of debts rateably, without the consent of the special partner? *Quære.*

An assignment in trust for creditors, although voidable as against the creditors of the assignor who think proper to disaffirm it, is valid as between the parties to such assignment, and in favor of those creditors who think proper to affirm it and to insist upon their rights as against the assignee. As to those creditors the assignee is estopped from denying the validity of the assignment except so far as it has been impeached or disaffirmed by other creditors of the assignor; and he must account for the assigned property accordingly, although he has surrendered up the assignment and taken a new one upon different trusts.

But where a voidable assignment is surrendered up to the assignor, and a new one taken upon trusts which are valid, a creditor who does not claim under the first assignment, and who has not acquired a legal or equitable lien upon the trust property or a right of preference previous to the execution of the last assignment, cannot impeach the second assignment on account of any illegality in the first.

THIS was an appeal from a decision of the vice chancellor of the first circuit, denying an application to dissolve an injunction. The complainants were creditors of a special copartnership in which D. C. Argall was the active and W. Argall the special or dormant partner. The copartnership being insolvent, and suits being brought against the acting partner, by the complainants and others, he made an assignment to the defendant G. A. Curtis, one of the firm of W. & G. Curtis, of all the copartnership property and effects for the benefit of the creditors. This assignment, however, was void as against the creditors, because it gave preferences to some of the creditors, contrary to the provisions of the title of the revised statutes relative to limited partner-

Mills
v.
Argall.

ships. And one of the creditors having obtained a judgment and levied upon the effects of the copartnership, the assignee surrendered up the assignment to the acting partner, and took a new assignment of the same property and effects for the benefit of all the creditors, subject to the lien of the execution. In the last assignment a list of the creditors of the firm was given ; and the assignment was upon trust to pay to all the creditors named in that schedule a rateable proportion of the proceeds of the assigned property, if the same should be insufficient to pay the whole, after the payment of costs and expenses. Among the debts thus directed to be paid rateably, was one for $519 due to the special partner W. Argall. A few days after this last assignment was executed, the complainants obtained judgment against the acting partner, and against two of the creditors of the firm who were also liable for the payment of the complainants' debt. The execution upon the judgment being returned unsatisfied, the complaints filed their bill in this cause against the defendants in that judgment, and against the special partner and the assignee, to set aside the assignment and to obtain satisfaction of their debt out of the partnership property, or out of the interest of the two creditors, under the assignment, who were defendants in the judgment. An injunction was thereupon issued restraining the assignee from disposing of the assigned property or paying over the proceeds thereof under the assignment ; and particularly from paying over to the creditors against whom the judgment was recovered their share of the proceeds. G. A. Curtis, the assignee, appealed from the order denying the application to dissolve the injunction.

W. S. Sears & D. B. Ogden, for the appellant. The assignee, George A. Curtis, had a right to surrender to the assignor the first assignment : 1. Because it was contrary to the provisions of the revised statutes, and was null and void. (See 1 R. S. 764, § 20.) 2. Because nothing passed by it. (See House and others v. Woolsey, et al., 2 Edward's Rep. 289.) 3. Because none of the creditors had acquired liens on the property in the hands of the assignee before the

surrender. (*Idem.*) The complainants in this cause cannot question in this suit the right to surrender the first assignment, because they acquired no lien on the property assigned until some days after the second assignment was made. (*See the same case and Ames* v. *Blunt,* 5 *Paige's Rep.* 17.) The second assignment is good and valid, and made in conformity to the provisions of the act contained in title 1 of limited partnerships. (1 *R. S.* 763.) All the property passed thereby to the assignee, and became vested in him for the benefit of the creditors, and the court will not interfere to prevent the trustee from executing the trust, unless the fund is about to be jeoparded by the fraud or insolvency of the trustee. (*See Orphan Asylum* v. *McCarty,* 1 *Hopk. Rep.* 429.) There is no allegation in the bill that there is any danger of the trust property being misapplied or lost through mismanagement or insolvency of the assignee. The classing William Argall among the general creditors of the firm, for the amount loaned by him to the firm beyond the amount of the capital put in, is not fraudulent and in contravention of the provisions of the revised statutes in relation to limited partnerships. The revised statutes, in respect to limited partnerships, have created a species of corporation, and must be governed by the law of corporations and the strict letter of the statute. A stockholder in a bank which has become insolvent, who is also one of its bill holders, would be permitted to claim the amount of his bills rateably with the other creditors of the bank. No part of his stock could be claimed until ·all the creditors of the bank were paid; but as to the amount of the bills held by him, he is in the same situation as any other person not a stockholder. A common law right cannot be taken away without an express enactment. The defendant William Argall, had a common law right to deal with the limited partnership as an individual. But even if no dealings between the special partner and the limited partnership is permitted, the assignment is not void or fraudulent, because it only directs the assignee to pay the amount due to each one of the creditors, and if the special partner

*1837.*

Mills
v.
Argall.

cannot be a creditor until all the others are paid, the fund in the hands of the assignee must be distributed among the creditors who are entitled to be paid according to law, which the assignee is at his peril to observe.

*Charles Edwards*, for the respondents. That which the statute law declares to be bad, cannot be made good by cancellation and the substitution of a new instrument. The case of *Hone* v. *Woolsey*, (2 *Edward's Ch. R.* 289,) did not interfere with any express statute ; and even that decision is open to question. And we consider that the rights of third persons did intervene here, for, although we were only book debt creditors when both the assignments were made, yet this particular statute recognizes creditors generally. The first assignment was a direct violation of an express enact-ment, and therefore void. It could not be recalled and the punishment of it avoided. The second assignment is also void, as the special partner is made a creditor therein. This, we think, is our strong point. The statute says, § 23, " In case of the insolvency or bankruptcy of the partner-ship, no special partner shall, under any circumstances, be allowed to claim as a creditor until the claims of all the oth-er creditors of the partnership shall be satisfied. We are now judgment creditors, and have a claim also upon any thing coming to the other defendants, Vanderveer and Van-cleif, our judgment being also against them. Our injunc-tion, which has never been dissolved, stayed the property in the hands of the assignee ; and as the other side did not apply for a receiver it was right for us to do so ; and even the circumstances of the covert conduct of the assignee, in lending himself to the insolvent by receiving a sealed as-signment for creditors and then destroying it and receiving another in the same matter, should be enough in this stage of the suit to give us a receiver. Such an assignee is not to be trusted, even upon his own answer.

THE CHANCELLOR. The first assignment in this case, though void as against creditors who chose to disaffirm it, was undoubtedly valid as between the assignor and assignee, in favor of those creditors who were provided for therein and who should think proper to insist upon their rights against the assignee, who had assumed a trust for their benefit. If these complainants, therefore, were claiming under the first assignment, the assignee might be estopped from denying the validity thereof, except so far as it had been impeached or disaffirmed by other creditors; and might be compelled to account for the assigned property according to the terms of the first assignment, notwithstanding the subsequent voluntary surrender of that assignment to the assignor. The present bill, however, is not filed for any such purpose; as the complainants seek to disaffirm both assignments, and to reach the property in their character of judgment creditors of the assignor, after the return of an execution unsatisfied. Or, in any event, they make no claim whatever under the first assignment as a valid transfer of the property. So far as the complainants' rights are concerned, therefore, the voidable assignment which they repudiate might lawfully be surrendered up to the assignor, so as to revest the property in the limited partnership. And if a valid assignment was thereafter made for purposes authorized by the statute, before the complainants had acquired any legal or equitable lien upon the fund, or any right of preference, they would have no right to impeach it on account of any illegality in the first assignment. This question was examined and decided by the vice chancellor of the first circuit in the case of Hone v. Woolsey, (2 Edw. Ch. Rep. 289;) and I fully concur in the conclusion at which he arrived in that case. If the last assignment had been intended as a mere confirmation of the first, and had been made for the purpose of securing to those who had come in under the first the fraudulent preferences therein declared in their favor, the result would undoubtedly have been different. In the present case, if the last assignment is valid, the property is legally vested in the appellant for the benefit of all the creditors; and the injunc-

tion, so far as it restrains him from selling the assigned property and collecting the assigned debts should be dissolved. That question I will next proceed to consider.

The statute relative to limited partnerships has prohibited either the general or special partner from giving any preference, either by assignment of any part of the property or otherwise, after the firm has become insolvent, or in contemplation of insolvency. But there is nothing in the statute which authorizes the acting or general partner to make an assignment of all the partnership effects to a trustee, for the payment of the partnership debts rateably, or otherwise. There may, therefore, be some doubt as to the right of the general partner to make any assignment of all the partnership effects to a trustee, for any purpose, without the express or implied assent of the special partner; unless provision is made for such an assignment, in case of insolvency, in the articles of copartnership. (*Havens* v. *Hussey*, 5 *Paige's Rep.* 30.) It is not alleged in this case, however, that the assignment was made without the authority and against the wishes of the special partner. And as the assignment upon its face purports to be for his benefit his assent thereto may be presumed.

There is another provision of the statute relative to limited partnerships which has been violated in this case; and which rendered the second assignment, as well as the first, invalid as against these complainants and other general creditors of the firm who may think proper to repudiate the same. By the twenty-third section of the title of the revised statutes relative to limited partnerships, (1 *R. S.* 767,) it is declared that in case of bankruptcy or insolvency of the partnership, no special partner shall, under any circumstances, be allowed to claim as a creditor until the claims of all other creditors of the partnership shall be satisfied. Yet in this assignment, which upon its face purports to be an assignment of all the copartnership property and effects, it is expressly provided that in case the fund is not sufficient to pay all the debts, that is in case the partnership is insolvent, the debt of $519 due to the special partner as endorser shall be paid rateably with those of the

complainants and of the other creditors. And this provision will be binding upon all the creditors who may elect to come in under the assignment and affirm this disposition which has been made of the partnership effects. The assignment being in direct violation of this statutory provision, is fraudulent and void as against the other creditors; as it deprives them of a part of the means of payment secured to them by the statute in case of the insolvency of a limited copartnership firm, and delays and hinders them in the collection of a portion of their respective debts.

The order appealed from is therefore affirmed with costs.