JOHN W. SCHULTEN and CHAUNCEY D. HURD *v.* GEORGE P. LORD and SAMUEL N. BROWN.

Whether the special partner in a limited partnership is a necessary party defendant in an action commenced by a plaintiff, in behalf of himself, as a creditor, and such other creditors as shall come in and contribute to the expenses of the litigation, where the complaint prays for an injunction and receiver, and for a distribution of the copartnership property among the creditors, upon the allegation of insolvency and other grounds, and also seeks to set aside a sale and transfer of the assets by the firm to the general partners? *Quere.*

Whether the fact, that the ultimate object of the plaintiff who files the complaint is, to obtain payment of a promissory note of the copartnership, held by him, brings such an action within the statute permitting "suits in relation to the business of the partnership" to be prosecuted against the general partners alone? *Quere.* (2 R. S. part 2, chap. 4, title 1, § 14, 4th ed. p. 175, marg. p. 766.)

Where, in such action, commenced against the general partners only, an order of injunction and for the appointment of a receiver had been granted, to continue during the litigation; *held,* that the order should not be discharged upon a motion, on the ground that the limited partner was not included as a party defendant, it appearing that the property was held by the general partners, and not under the custody or control of the special partner.

This was an appeal from an order granted at a special term, for an injunction and for the appointment of a receiver, in an action prosecuted by the plaintiffs, on behalf of themselves and of other creditors of a limited copartnership. The facts plainly appear in the opinions.

*John B. Stevens* and *Daniel Lord*, for the defendants.

*C. Bainbridge Smith*, for the plaintiffs.

WOODRUFF, J.—The complaint herein is filed by the plaintiffs, on behalf of themselves as creditors, and such other persons as shall come in and contribute to the expenses of the suit, being also creditors of a limited copartnership heretofore existing under the name of "Lord & Brown," for an injunction and receiver, and for the distribution of the property of the copartnership among the creditors. The complaint is founded upon the alleged insolvency of the firm, its voluntary dissolution, a sale, or pretended sale, by the persons composing the firm—both general and special partners—to the general partners of all of the assets of such firm; the illegal withdrawal of large sums of money by the special partner in fraud of the rights of the copartnership creditors prior to such alleged sale; the improper appropriation of the assets by the general partners to their own use, and the payment by them of debts due to some of the creditors of such firm for the purpose of giving such creditors preference over the plaintiff and other creditors, and the alleged wasting and squandering of the assets by the general partners. And, besides the relief above mentioned, the plaintiffs pray that the alleged sale and transfer by the limited copartnership to the two general partners be decreed and adjudged null and void.

An order for an injunction and receiver having been made at the special term, the defendants have appealed, and it is now insisted by them that the order was improperly granted, because only the late general partners, Lord & Brown, are

made parties to the suit, while Marks, the special partner, and their vendor in the sale which is now sought to be set aside, has an interest in the subject matter of the suit, and in the relief sought. This is the only question raised by the counsel for the appellants on the argument.

The statement in the bill is, that in August, 1854—the special partnership being then insolvent—and prior to the expiration of the term for which the same was created, the general and special partners united in a notice of dissolution ; and, in connection therewith, the general partners, Lord & Brown, also gave notice that they had purchased the interest of Marks, the special partner, and had formed a partnership—they, Lord & Brown, alone being its members—under the same name of Lord & Brown, and would continue the business. But the plaintiffs deny that the steps were taken which the statute points out to make the dissolution a valid termination of the special partnership.

If the complaint herein had only alleged the existence and insolvency of the special partnership, and prayed for an injunction, the appointment of a receiver and the distribution of the assets among the creditors, the first inquiry would be, whether the 14th section of the statute relating to limited partnerships, (in these words, " Suits in relation to the business of the partnership may be brought and conducted by and against the general partners, in the same manner as if there were no special partners," 1 Rev. St. 766,) applies to such a suit, brought for the practical termination of the partnership, to commit the administration of the assets to other hands than the general partners, and for their distribution among creditors? And this question does not appear to me free from doubt. It seems to be giving an unreasonable latitude of construction to the words, " suits in relation to the business of the copartnership," to apply them to a suit brought for the subversion of the partnership itself. A suit brought to compel the performance of whatever is, under the statute, within the proper authority and duty of the general partners, is within the fair scope of the business of the copartner·

ship, and that is plainly committed to the conduct and management of the general partners.

The late chancellor, in *Mills* v. *Argell*, 6 Paige, 577, intimated a doubt whether the general partners could make an assignment of all the copartnership effects to a trustee—even for the payment of debts—ratably or otherwise, or indeed for any other purpose, without the assent of the special partner. It is not in conformity with the design of the copartnership ; it is not consistent with the contract between them. In committing his capital to their care and management, it cannot reasonably be implied that he authorized them to delegate to another the power, discretion and duty of winding up the business, in relation to all which he has a right by the statute to advise, regarding his and their interests. If, in a general partnership, the power of each partner to transact any and all business appertaining to the scope of the partnership, does not involve an authority to one or more to make an assignment of all the property to a trustee, without the consent of all, I do not perceive how the exclusion of the special partner from the former power can be taken to confer upon the general partners authority to make such an assignment. (*Havens* v. *Hussey*, 5 Paige, 30 ; *Fisher* v. *Murray*, 1 E. D. Smith, 341.)

If no such authority is vested in the general partners, it would seem that a suit brought to compel such a transfer, and effect a practical termination of the copartnership, and thus destroy the existing contract between the copartners, and create a new administration of its assets, excluding the special partner from even advising in respect to their disposition, however largely his interests are involved therein, he should be made a party, that he may be heard on the subject.

But, however this may be, the plaintiffs here have gone much further in their attack upon the rights and interests of the special partner. They allege that the pretended sale by him of his interests to the defendants, Lord & Brown, is void, and pray that it be so adjudged. And more than that, they

aver that the three partners did not comply with the statute so as to make the alleged dissolution of the 14th August, 1854, effectual. If this be true, the late special partner, Marks, is very largely interested, for, in that event, the whole business done since that time, instead of being for account of Messrs. Lord & Brown, solely involves the capital he originally contributed in the payment of all the debts contracted by them since that time, and withdraws from him whatever he received, or might be entitled to receive, as one of their creditors, (among the creditors whose debts have since that time accrued,) for the consideration of such sale. Thus, suppose the assets of the limited partnership were sufficient for the payment of its creditors, then, obviously, if the dissolution and sale by him be sustained, Marks would, as between himself and subsequent creditors, be entitled to share the assets of the firm they then established; while, if the contrary be adjudged, his claim must be postponed until all creditors are paid, and he may, perhaps, if the other allegations in the complaint are sustained, be compelled to refund moneys already received by him. In this aspect of the plaintiffs' case, the necessity of making the special partner, Marks, a party, seems to me to present an objection to any decree in the cause, which is not to be lightly disposed of.

But it does not, I think, become necessary to settle the question upon this appeal, for it would not, I think, follow that the order appealed from ought not to have been granted, however that question was decided.

The second question remains, Is the want of a proper party a sufficient reason for withholding an injunction and denying a receivership? There are undoubtedly cases in which it would be, and in which the want of a proper party would be ground for dissolving an injunction.

But the granting of injunctions and the appointment of a receiver rest very largely in the discretion of the court, not to be exercised, it is true, without just cause, and never, if possible, to the prejudice of any one who may be affected by it; certainly not to the prejudice of one who is not a party to the suit.

Schulten *v.* Lord.

Hence, in *Harrison* v. *Merton*, (4 Hen. and Mumford, 483,) an injunction was dissolved until a new defendant was added; and again it was held that an injunction should be dissolved, unless the complainant, within a fixed time, revived his suit against the representatives of a defendant. (*Carter* v. *Washington*, 1 Hen. and Mumford, 203.) But defect of parties is not, I apprehend, an objection to be summarily and unqualifiedly entertained, when no prejudice will happen by suffering the temporary and provisional remedies to stand until the whole case can be maturely considered. In the *Tradesmen's Bank* v. *Merritt*, (1 Paige, 302,) the chancellor says, " I am not sure that in a clear case of misjoinder of complainants, the defendant would be entitled to have an injunction dissolved before demurrer or answer ;" and where the temporary remedy designed for the preservation of the fund in question works no injury, it seems to me that the want of a defendant ought not to prevail to prevent the temporary interference of the court, where the fund is in peril.

The case would be quite different where the property was in the possession or under the control of the absent party ; or where the receivership would interfere with some interest of his immediately affected.

And, again, it has for more than thirty years been the rule in equity in this state, that where a bill is demurred to for want of parties, the complainant may amend, of course, on payment of costs ; and where an injunction has already been granted, it would not be affected by such an amendment. Where the objection, if well taken, can be so easily cured, and where no prejudice will result to the party not summoned, and especially where the necessity of making him a party is at least doubtful and worthy of consideration, upon deliberate argument and consideration I think the order may be providently granted, and the parties left to present the objection in the subsequent stages of the cause, if so advised.

For this reason I think the order appealed from should be affirmed. It seems to me that the principles of the decision

in *La Chaise et al.* v. *Lord & Brown,* (a) if adopted, might have led to a denial of the order ; but as no such point is taken on this appeal, it is not necessary to discuss that view of the subject.

, INGRAHAM, FIRST J.—How far it may be necessary to make a special partner a party to an action against a limited partnership, where the action is brought to collect a debt due to the firm, even after insolvency, and where the plaintiff seeks to set aside an assignment made by the general partners, with the assent of the special partner, is not necessarily to be decided on this appeal. I do not feel prepared to yield an assent to the proposition that relief cannot be obtained without making the special partner a party.·

Where the object of the action is to collect a note given by the firm, in the course of their business, I think such action may be said to be in relation to the business of the partnership. The injunction and receivership are merely incidental aids to enforce the recovery and secure the funds from being wasted before judgment, not necessary to the maintenance of the action or to the recovery of a judgment. Nor does the fact, that an assignment sought to be set aside as fraudulent, or illegal in any way, show that the action is not in relation to the business of the firm.

The sole object is to obtain payment of a debt due by the firm ; and all the other objects proposed fall, and cease to be any ground of complaint the moment the debt due to the plaintiffs is paid. They are merely auxiliary towards enforcing payment.

Whether or not the special partner was so far interested in the preservation of the assignment as to render it proper that he should be made a party, so as to have notice of these

---

(a) This refers to a decision, at the January special term, 1855, of a motion to vacate an order of injunction, and for the appointment of a receiver in that case. The opinion delivered then is printed in a note to the report of the final decision of the cause upon the merits. *Post,* December term.—REP.

proceedings, I do not, therefore, wish to be considered as deciding upon this appeal.

I concur, however, with my brother, WOODRUFF, in the opinion that the order appealed from should be affirmed, for the reasons given by him in his opinion.

DALY, J., concurred in affirming the order.

Order of injunction and for the appointment of a receiver affirmed, with costs.