## N. Y. COMMON PLEAS.

JOSIAH M. WHITCOMB *et al.* agt. JOSIAH F. FOWLE *et al.*

*Limited partnership — Assignment—Power of creditor to prevent a dissipation of copartnership assets.*

When a limited partnership becomes insolvent, its assets are a special fund for the payment of its debts ratably (except those due to the special partners), and any creditor, although he has not proceeded to judgment and execution at law, may file a bill in equity to restrain the insolvent partners from disposing of the property contrary to law, and for the appointment of a receiver.

Where a limited copartnership made an assignment for the benefit of its creditors, in which the amount due the special partner was made a preferred claim, and subsequently an action was commenced by plaintiffs to have the assignment declared null and void; that a receiver be appointed, and for an injunction restraining any disposition of the property; pending this action, the assignee reassigned the copartnership property to the assignors, who then made an assignment to the same assignee without preference, who filed the schedule required by law, and executed a bond which was duly approved:

*Held,* that, although the authorities would seem to establish the theory that as between the parties to it, the assignment is binding and revokable at their pleasure, yet such a revocation could in no way prejudice or impair the rights of creditors. They had already commenced proceedings to protect their rights upon a statement of facts which should not be decided on affidavits.

If plaintiffs have asked for more or greater relief than the court can afford them on a final judgment, that is no reason why the court on a mere motion should try issues on the determination of which they may be entitled to some relief.

*Special Term, January,* 1879.

PRIOR to January 2, 1879, a limited copartnership existed under the firm name of " J. F. Fowle," of which the defendant Josiah F. Fowle was the general, and the defendant Wil-

liam A. Brown, Jr., was the special, partner.    On the day last mentioned the said firm made an assignment for the benefit of its creditors to the defendant John H. Folk, in which the amount due the special partner was made a preferred claim. This action was then commenced in behalf of the plaintiff and other creditors who might come in and contribute to the expense thereof, to have the assignment declared null and void ; that a receiver of the copartnership property be appointed, and that an injunction issue restraining any disposition of such property.    An order to show cause as to the appointment of a receiver and the granting of an injunction was made January 7, 1879, returnable January 8, 1879, the hearing of which was on that day adjourned to January 13, 1879, with the direction that no disposition of the property by sale was to be made by Folk, the assignee.

On January 7, 1879, Fowle (as appears by his affidavit) was served with the summons and complaint and the order to show cause in this action.   On January 9, 1879, with the consent of Brown, Folk reassigned the copartnership property, and on the same day the said firm, with Brown's consent, made a new assignment to Folk for the benefit of its creditors generally, and without preference.   Folk, as such assignee, subsequently filed the schedule required by law and executed a bond which was duly approved.

On the sixteenth of January, an order was entered appointing a receiver and granting an injunction.

Motion is now made for a stay of proceedings pending an appeal.

*P. & D. Mitchell*, for creditors, plaintiffs.

*Childs & Hull*, for assignee.

*John Henry Hull*, for Brown, special partner.

LARREMORE, *J.*— If this were an action in the nature of a creditor's bill, the plaintiffs would have no status in court without alleging the recovery of a final judgment and execu-

Whitcomb *et al.* agt. Fowle *et al.*

tion issued and returned thereon (*Geery* agt. *Geery*, 63 *N. Y.*, 252 *and cases there cited*).

But I do not understand that the doctrine laid down in *Jones* agt. *Lansing* (7 *Paige*, 583) has been disturbed or disputed. That case holds that when a limited partnership becomes insolvent, its assets are a special fund for the payment of its debts ratably (except those due to the special partner), and any creditor, although he has not proceeded to judgment and execution at law, may file a bill in equity to restrain the insolvent partners from disposing of the property contrary to law, and for the appointment of a receiver. This practice was reviewed and approved in *Van Alstyne* agt. *Cook* (25 *N. Y.*, 489).

If the plaintiffs have asked for more or greater relief than the court can afford them on a final judgment, that is no reason why the court on a mere motion should try issues upon the determination of which they may be entitled to some relief. If as general creditors they cannot (as contended) contest the validity of the assignment, yet as general creditors they may have the right to prevent a dissipation of the copartnership assets.

The authorities cited by the counsel for the defendants (*Hone* agt. *Woolsey*, 2 *Edw. Ch.*, 289; *Mills* agt. *Argahl*, 6 *Paige*, 577; *Metcalf* agt. *Van Brunt*, 37 *Barb.*, 621) establish the theory that as between the parties to it the assignment is binding and revokable at their pleasure. But no case goes to the extent of holding that such a revocation could in any way prejudice or impair the rights of creditors. In the case under consideration the creditors had commenced proceedings to protect their rights upon a statement of facts which should not be decided on affidavits.

Considering the hopeless insolvency of the firm, that its indebtedness to its special partner would almost if not entirely exhaust its assets, the peculiar relations of the assignee and the special partner, and also the entire merits of the application to remove the receiver and vacate the injunction, I think it should be denied.