---

### *In re* MART.

(*Supreme Court, Special Term, New York County.* January 23, 1889.)

CORPORATIONS—DISSOLUTION—POWER OF COURT OF EQUITY.

The order of a court of equity dissolving a corporation and appointing a receiver of its assets, made upon the application of all the stockholders and some of the creditors, will be vacated where some of the requirements of the statute respecting the voluntary dissolution of corporations have not been complied with; the corporation in question being engaged at the time of such order in active business, with a large amount of assets, and a full board of directors.

At chambers.

.

Motion to vacate an order dissolving a corporation known as "The Mart," and appointing receivers to take charge of its assets. The application for the order was made without notice to creditors, as required by statute.

*Charles Donohue*, for the motion. *Martin & Smith, contra.*

ANDREWS, J. In my opinion the case of *Slee* v. *Bloom*, 19 Johns. 456, and similar cases have no application to this matter. The question whether a court of equity has the inherent power, independently of statutory authority, to dissolve a corporation, and to appoint a receiver of its assets, was not decided, considered, or raised in that case. The fact was that all the property of a certain corporation incorporated under the manufacturing act of 1811 had been sold under an execution, and that no election of officers had taken place for a long time, and that the corporation was doing no business whatever. The plaintiff sought to charge stockholders of the corporation with certain liabilities upon the ground that the corporation was dissolved. Chancellor KENT held that, as the corporation had not been dissolved by legal proceedings taken on behalf of the state by the attorney general, the corporation could not be considered as dissolved, and dismissed the bill. Upon appeal to the court of errors the decision of the chancellor was reversed, and it was held that the corporation had ceased to exist by reason of the facts above set forth. The facts in the case at bar have no resemblance to those of that case. All the stockholders, and some of the creditors, of The Mart presented a petition, on notice to the attorney general, praying that the court would dissolve the corporation, and appoint a receiver of its assets. It appeared by the petition that The Mart was actively engaged in business, having assets of about $100,000, and debts of about $70,000, and a full board of directors. Upon the hearing, some of the creditors were represented by counsel, and a representative of the attorney general was also in court; and, no objection being made by any one, the application was granted, and an order signed, purporting to dissolve the corporation, and appointing two receivers of its assets.

The case of *Slee* v. *Bloom, supra,* and others in which that case has been approved, are undoubted authority for the position that a corporation may cease to have a corporate existence if it has no assets whatever, and ceases to do business, and there is a failure for a long time to elect directors. In my opinion, however, neither *Slee* v. *Bloom* nor any other case furnishes any authority for the application which was made in this case. The attorney general moves to vacate the order dissolving the corporation and appointing a receiver, upon the ground that the court had no power to make such an order, and I think that his motion should be granted. In the case of *Trust Co.* v. *Railroad Co.*, 101 N. Y. 478, 5 N. E. Rep. 316, the court of appeals had occasion to consider the decisions of the courts, and the laws of this state relating to the powers of courts of equity to dissolve corporations and appoint receivers thereof. ANDREWS, J., speaking for the court, said: "The power of a court of chancery to appoint a receiver *pendente lite* in foreclosure cases is a part of its incidental jurisdiction, not depending upon any statute, and which it exercises whenever, by reason of the insufficiency of the security, or other reason, equity required that the rents and profits of the mortgaged property, pending the litigation, should be impounded and retained, to be applied upon the debt, to be ascertained by the final judgment. * * * This jurisdiction was not affected by the character of the mortgagor, whether an individual or a corporation. It rests upon grounds quite independent of the character of the parties to the instrument, or the nature of the mortgaged property. But it was held at an early day in this state that the jurisdiction of chancery did not extend to the sequestration of the property of a corporation by means of a receiver, or to the winding up of its affairs, or to control or restrain the usurpation of franchises by corporate bodies, or by persons claim-

ing without right to exercise corporate powers. *Attorney General* v. *Insurance Co.*, 2 Johns. Ch. 371; *Attorney General* v. *Bank*, Hopk. 354. The refusal of the court of chancery to· entertain jurisdiction of corporate bodies at the instance of creditors, or to wind up their affairs in case of insolvency, led to the enactment by the legislature in 1825 of the act (chapter 325 of the laws of that year) entitled 'An act to prevent fraudulent bankruptcies of incorporated companies, and to facilitate proceedings against them,' etc. By this act jurisdiction was conferred upon the court of chancery to sequestrate the property of a corporation upon the application of a judgment creditor, after the return of an execution unsatisfied, and to appoint a receiver of its property, ( section 15;) and in case of an incorporated bank, which had become insolvent, or had violated its charter, it authorized the court of chancery, upon the petition of the attorney general or of a creditor, to proceed by injunction, and to appoint a receiver of the property of the bank, and to distribute the same among its creditors. (Section 17.) The provisions of the act of 1825, enlarged and extended, were incorporated into the Revised Statutes in the article entitled ' Of proceedings against corporations in equity,' (2 Rev. St. 462,) and a complete statutory system was enacted for the winding up of the affairs of a corporation against which an execution had been returned unsatisfied, at the instance of the creditor in the execution, and for similar proceedings against insolvent banking or other specified corporations at the instance of the attorney general, or any creditor or stockholder. Sections 36, 39–41. The court was authorized to appoint receivers of the corporate property. Their powers and duties are specified in the statute in great detail, and it is declared that receivers so appointed shall be ' vested with all the estate, real and personal, of such corporation;' and they are declared to be ' trustees of such estate, for the benefit of such corporation and the stockholders.' 2 Rev. St. p. 469, §§ 67, 68. The system inaugurated by the act of 1825, and incorporated into the Revised Statutes, has been continued by the Codes, and for 50 years prior to the act of 1883 had been the statutory system of procedure for the winding up of the affairs of insolvent corporations through receivers appointed by the court, not by virtue of its inherent jurisdiction, but under statutory authority; the statute which authorized their appointment also prescribing with great minuteness their powers and duties." In view of this exposition of the law, I am of the opinion that whenever it is sought to invoke the powers of a court of equity for the purpose of obtaining a judgment or order dissolving a corporation, and appointing a receiver of its assets for the benefit of creditors, one or the other of the courses prescribed in the present Code of Civil Procedure must be followed; and that the court has no power, upon a petition of all the stockholders, and some or all of its creditors, to make an order dissolving the corporation, and appointing receivers of its assets. The motion will be granted, with $10 costs. The order will be settled on notice.