FREEDMAN, J.
—The proceeding in which the order appointing a receiver of the property and - assets of the corporation was made was instituted by petition. Upon its face, it is not an action. If anything, it is a special proceeding. As such, it should be justified by some statutory provision. Unless it can be found to fall within some statute, it is a serious question whether the court had jurisdiction, and had power to appoint a receiver. It is not a proceeding for the voluntary dissolution of the corporation, under sections 2419 2431 of the Code. It does not fall *802 within sections 1784-1796, for they apply to creditor’s actions for the sequestration of the property of a corporation, atid for its distribution. Nor does it fall within any provision of section 1810, for the first three subdivisions of that section apply only to actions, and the fourth subdivision applies to a special proceeding for the voluntary dissolution of a corporation. The present proceeding is not of that character, for no dissolution is sought to be had. Indeed, no statutory provision can be found which justifies the institution of the proceeding. The question then remains whether this court, as a court of equity, possesses inherent jurisdiction to entertain it. It has been the settled law of this state, for many years, that chancery has no jurisdiction over corporations, either in common-law principles, or through its genera] equitable powers, and that it is only by the statute, and for particular causes there enumerated, that the court acquires jurisdiction. A court of equity has no visitorial power over corporations, except such as is expressly conferred on it by statute. Latimer v. Eddy, 46 Barb. 61; Belmont v. Railway Co., 52 Barb. 668. Nor has a court of equity, by virtue of its general or inherent powers, the right to dissolve a corporation, but such right is entirely statutory. Bliven v. Iron Co., 9 Abb. N. C. 205. In Hitch v. Hawley, 132 N. Y. 212; 43 St. Rep. 625, Van J., said:
“Whether courts of equity have inherent power to dissolve corporations, it is unnecessary for us to consider, as the method of effecting corporate dissolution, when prescribed by statute, as , in this state, is exclusive, and must be substantially followed.”
1 And, in a late case decided by the court of appeals,'Bartlett, J., said:
“It has long been the settled law of the state that the jurisdiction of chancery does not extend to the sequestration of the property of a corporation by means of a receiver.” In re Binghamton General Electric Co., 143 N. Y. 263; 62 St. Rep. 154, and cases cited.
Even where all of the stockholders, joined by the creditors and accompanied by the attorney general, come voluntarily before the court, and request the appointment of a receiver, the court does not possess the power to grant the relief asked for, unless the statute has been strictly complied with. In re Mart, 5 N. Y. Supp. 82. In the case at bar it is not claimed that the company is insolvent, nor does the proceeding contemplate dissolution. Upon a petition showing sufficient assets to meet all liabilities eventually, and that some creditors whose claims have matured threaten suit,' and that the institution of such suits would be prejudicial to the interests of the creditors whose claims are not yet due, the court was asked to appoint a receiver to take charge of the property and assets of the corporation, and to continue the busihess. No other ultimate relief was sought The appointment of the receiver upon' the presentation of the petition at once terminated the proceedings according to the prayer of the petition. Nothing else remains to be done under the petition. The only power possessed by the receiver is that conferred by the order of his appointment, and under that order he has no power to sell or dis *803 tribute, but simply to take charge and to continue the business. When the receivership is to terminate, and what is to be done eventually with the property and assets held by the receiver, are matters left to conjecture. If such a proceeding could be sustained, it might readly be used to hinder, delay, or defraud the creditors of every corporation; and in the case at bar it is evident that it was instituted for the very purpose of hindering and delaying, if not to defraud certain creditors who threatened suit. Under all the authoritities, there was neither statutory nor inherent power in the court to assume jurisdiction, and the order appointing the receiver is null and void. I have looked at all the eases cited by the counsel for the, receiver, and satisfied myself that they are wholly inapplicable. Even if the proceeding, as instituted, could be held tantamount to a proceeding for the dissolution of the property and assets of the corporation, the order appointing a receiver would nevertheless be void under the statute, for the reason that no notice was given to the attorney general. Laws 1888, c. 378.
The conclusions already reached render it unnecessary to discuss other points which were made and argued. The corporation, the petitioning officers of the corporation, and the receiver having been duly served with notice of this motion, Gfeorge W. Tice and Jacob Jacobs, who, pursuant to leave granted to them, have specially appeared as creditors for the purpose of the motion, are entitled, for the reasons above stated, to an order declaring the proceeding, as to them, null and void, and vacating and setting aside the order appointing a receiver. They are also entitled to $10 costs of this motion. For the samesreasons the motion made by the receiver for an order vacating the lien filed by Tice & Jacobs, and the lien filed by the Pennsylvania, Steel Company, etc., must be denied, with $10 costs to each of said creditors.