RICHARD A. SPRINGS, AS RECEIVER OF THE I. HERMAN
MANUFACTURING COMPANY, RESPONDENT, v. THE
BOWERY NATIONAL BANK, APPELLANT.

*Corporations — proof necessary to show jurisdiction to appoint a receiver — Laws
of 1883, chap. 378, sec. 1.*

The complaint in an action alleged that the plaintiff was appointed receiver of a
corporation by an order of the Supreme Court, which order the answer alleged
that the court had never acquired jurisdiction to make. Upon the trial the
plaintiff put in evidence the order which had been duly filed.

*Held,* that the proof was insufficient,

That it was necessary to prove the commencement of the action in which the
receiver was appointed, and that the court obtained jurisdiction of the corpora-
tion, in the manner provided in section 1 of chapter 378 of the Laws of 1883,
the act conferring upon the Supreme Court authority to appoint receivers of
domestic corporations.

APPEAL by the defendant, the Bowery National Bank, from a
judgment of the Supreme Court, entered in the office of the clerk
of the county of New York on the 1st day of December, 1891, upon
a recovery by the plaintiff, after a trial before the court without a
jury at the New York Circuit.

*J. R. Marvin,* for the appellant.

*W. W. Jenks,* for the respondent.

PER CURIAM :

The complaint alleged that, by an order of the Supreme Court,
made at a Special Term thereof, held on the 16th of December,
1890, before Justice GEORGE P. ANDREWS, the plaintiff was duly
appointed receiver of the property and effects of the I. Herman
Manufacturing Company. The defendant, in answering this alle-
gation, alleged, on information and belief, that the court in which
said action was brought never acquired jurisdiction of said corpora-
tion or had power or jurisdiction to render or make any judgment
or order therein, or to make the order appointing the receiver men-
tioned in. said complaint, and that said order and the judgment
rendered in said action were without jurisdiction and void.

The plaintiff, to support this allegation of the complaint, put in evidence the order appointing the plaintiff receiver, made in the action of *Walter Kenzie* v. *Herman Manufacturing Company*, and filed December 16, 1890. We find no evidence of any action commenced in which this order was entered, or that the court by service of process ever acquired any jurisdiction over the corporation. And we think that, in the face of this denial of the answer, the order was not sufficient to prove the appointment of the plaintiff as receiver of the corporation.

By section 1 of chapter 378 of the Laws of 1883 authority is conferred upon the Supreme Court to appoint receivers of domestic corporations, and it is there provided that " any order appointing a receiver, otherwise made, shall be void." And it was necessary to prove the commencement of an action, and that the court obtained jurisdiction over the corporation as provided in that section of the statute before cited, to sustain the allegation that the plaintiff was duly appointed receiver.

The judgment must, therefore, be reversed and a new trial ordered, with costs to appellant to abide event.

Present — VAN BRUNT, P. J., O'BRIEN and INGRAHAM, JJ.

Judgment reversed and new trial ordered, with costs to appellant to abide event.