HENRY WINTHROP GRAY, as Receiver, etc., Respondent, *v.* JULIUS LEVY and Others, Appellants.

*Action by a receiver — an order alone, insufficient evidence of his appointment — issue raised by denial — exception.*

The simple introduction in evidence upon a trial of an order appointing a person receiver of certain property is not, without additional proof to establish such fact, sufficient to justify a finding of the right of the court to make such appointment.

Where the jurisdiction of a court to appoint a receiver is dependent upon special facts, which it is essential to establish, it is competent for the defendants, in an action brought by such receiver, to put such facts in issue by denying the statements of the complaint, and an exception to the finding of such facts is available upon appeal to the persons taking the same.

APPEAL by the defendants, Moses S. Levy and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 13th day of May, 1892, upon the decision of the court after a trial at the New York Special Term.

*Robert Payne,* for Moses S. Levy, appellant.

*Ira Leo Bamberger,* for Muhlhauser, appellant.

*Gratz Nathan,* for Croner, appellant.

*George V. Brower,* for the trust company, appellant.

*George Zabriskie,* for the receiver, respondent.

O'BRIEN, J. :

The plaintiff having been appointed by an order of this court receiver of the property and assets of the limited co-partnership,

known as Levy Brothers & Co., brought this action, asking by way of relief that a certain action brought by the defendant Muhlhauser, in which the defendant Croner was appointed receiver of the same property of said limited co-partnership be vacated, set aside and all proceedings thereunder adjudged to be illegal, null and void.

Subsequent to the bringing of the action, the defendant, the Kings County Trust Company, by an order in supplementary proceedings, was appointed receiver of all the property, etc., of the firm of Levy Brothers & Co., judgment debtors, and of the property of the individual members of said firm. The defendant, the National Park Bank, having obtained an attachment, shortly afterwards commenced a suit in equity in this court against Levy Brothers & Co. and upwards of 130 other defendants, who had seized in many actions of replevin the stock of goods on which the attachment of the bank had been levied, in aid of the attachment, for the purpose of procuring therein an adjustment of all conflicting claims and rights in respect to the attached property. In that action Mr. Gray, the plaintiff here, was duly appointed receiver and qualified. The facts in relation to the appointment of the Kings County Trust Company, and of Mr. Gray, in the suit brought by the National Park Bank respectively, as receivers, were alleged by supplemental complaint.

It will thus be noticed that we have here as parties four receivers claiming under different titles an interest in all or some of the property of the firm of Levy Brothers & Co. The plaintiff's title as special receiver appointed in the National Park Bank suit need not be considered for two reasons : *First*, that it was intended to extend only to the property which had been seized under the attachment of the bank; and, *secondly*, because the court below held that it would administer the estate through only one of the conflicting receiverships, and for that purpose held in favor of plaintiff's title in the Hardt suit, in which this plaintiff was originally appointed, and wherein and upon which title he originally brought this action.

The answer of the defendant Moses S. Levy admitted that he and those associated with him "undertook to form a limited partnership." The defendant Muhlhauser denied upon information and belief the allegation with respect to the formation of the limited partnership. The Kings County Trust Company, by their answer,

put in issue the allegation as to a limited partnership and alleged that the firm of Levy Brothers & Co. was a general and not a limited parcnership. To the finding that it was a limited partnership Moses S. Levy and certain of the other defendants excepted.

The Hardt action, in which plaintiff was appointed receiver, proceeded and a judgment was entered, among other things, holding that the firm was a limited co-partnership, and from the judgment thus entered an appeal to this court was taken. Upon such appeal the judgment was reversed, and it was held that the partnership was a general and not a limited one. (*Hardt* v. *Levy*, 72 Hun, 225 ; 25 N. Y. Supp. 248.) Mr. Justice PARKER in his opinion says : "The plaintiffs as general creditors of a firm of which the defendants are members instead of proceeding in actions at law to secure their respective claims, instituted this action in behalf of themselves and all other creditors of the firm, having for its object the appointment of a receiver and ultimately a ratable distribution of the assets of the partnership. Such a suit cannot be maintained against the members of a general partnership, but it was long ago held in *Innes* v. *Lansing* (7 Paige, 583), that it might be against the persons forming a limited partnership after insolvency.  *  *  * These plaintiffs chose to proceed in equity, as they may if the partnership be limited, and may not if it be general."

This action proceeded to judgment before the decision above referred to was reached ; but there can be no doubt that if it can be resorted to, it is conclusive upon the title, not only of this plaintiff, but also of Croner in the similar action brought, upon the theory of a limited partnership in Kings county.

The question then presented is, is the judgment of the General Term, which is conclusive upon the plaintiff's title, available to the defendants upon this appeal ?

It is urged, and with much force, that though an issue as to whether it was a limited or a general partnership was raised by the answer of certain of the defendants, this was not presented in the form of a counterclaim upon which any affirmative relief was based, and though it were, that the validity and regularity of the plaintiff's appointment as receiver in the Hardt suit are not open to question in this action. It is insisted by the respondent that in the order appointing the plaintiff receiver, as the court had jurisdiction of the

parties and proceeded in accordance with the provisions of the statute, its order cannot be attacked collaterally by inquiring whether the court erred in the decision of any question of law or fact involved in making the order, but that this can only be done by an appeal or by a direct proceeding to set it aside, citing in support of this position many cases.

Though it be conceded that the rule of law relied upon is correct, that the regularity of an appointment cannot be attacked collaterally, it must be remembered that in this action the question presented involves one of jurisdiction to make the appointment, and, it seems to us, is directly and not collaterally raised. Upon the trial, the plaintiff, in support of his title, and of the allegations of his complaint that the firm was a limited co-partnership, which was the basis of the court's right to make the original order appointing him receiver, proved the same facts substantially as appeared in the suit of *Hardt* v. *Levy*, including the certificate of limited partnership and the two certificates purporting to be renewals of the same. It was also made to appear that there was not at any time any co-partnership agreement between the partners other than the certificate of limited partnership.

The question, therefore, whether the plaintiff's title was directly or collaterally involved, it seems to us, is to be disposed of by a consideration as to whether or not without the finding which was made in this action upon the allegations and proof that the firm of Levy Brothers & Co., was a limited partnership, and that by order in an action brought by a general creditor against such co-partnership he was appointed receiver, a judgment would have been given in his favor.

The right of the court to appoint the plaintiff as receiver depended upon the fact being established that it was a limited partnership; and the introduction of the order of appointment without additional proof to establish this fact would not have justified the finding which was the basis of the plaintiff's title, not only to the receivership, but to maintain this action itself.

In *Springs, Receiver,* v. *The Bowery National Bank* (63 Hun, 505) the complaint alleged that the plaintiff was appointed receiver of a corporation by an order of the Supreme Court, which order the answer alleged the court had never acquired jurisdiction to make.

Upon the trial the plaintiff put in evidence the order, which had been duly filed. As said in the opinion in that case : "We think that, in the face of this denial of the answer, the order was not sufficient to prove the appointment of the plaintiff as receiver of the corporation. * * * And it was necessary to prove the commencement of an action, and that the court obtained jurisdiction over the corporation as provided in that section of the statute before cited (§ 1, chap. 378, Laws of 1883), to sustain the allegation that the plaintiff was duly appointed receiver."

So here, where the jurisdiction of the court to appoint a receiver is dependent upon special facts which it is essential to establish, it is competent for the defendants to put in issue such facts by denying the statements of the complaint ; and an exception to a finding of such facts is available upon appeal to the persons taking such exception.

We think, therefore, that as the title of the plaintiff was directly involved, and as the finding supporting such title was excepted to and was erroneous, under the case of *Hardt* v. *Levy* (*supra*), the judgment must be reversed and a new trial ordered, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial ordered, with costs to appellants to abide event.